## VILLAGE OF KEWANEE

*v.*

## JAMES P. DEPEW.

| 80 | 119 |
| 133 | 155 |
| 80 | 119 |
| 74a | 452 |
| 80 | 119 |
| 77a | 576 |
| 80 | 119 |
| 97a | 1199 |

1. NEGLIGENCE—*contributory and comparative.* A plaintiff can not recover for injuries received through the defendant's negligence, where his own negligence has contributed to such injuries, unless his negligence was slight and that of the defendant gross, when compared with each other.

2. SAME—*degree of care required.* A person, in the full possession of his faculties, passing over a sidewalk in daylight, with no crowd to jostle or disturb him, no intervening obstacle to obscure approaching danger, and no sudden occurring cause to distract his attention, is under obligation to use his eyes to direct his footsteps, and if he fails to do so, he is negligent.

APPEAL from the Circuit Court of Henry county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Mr. M. SHALLENBERGER, and Mr. JAMES K. BLISH, for the appellant.

Messrs. WILSON & LADD, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an action on the case, by appellee, against appellant, to recover for injuries received by appellee by reason of a defect in one of appellant's sidewalks.

The verdict of the jury was for appellee, assessing his damages at $1250, upon which the court gave judgment.

Believing that this judgment is entirely unauthorized by the evidence, we shall omit the discussion of all other questions.

The doctrine has been so often announced by this court as to render its discussion at present unnecessary, that the plaintiff can not recover for injuries received through the defendant's negligence, where his own negligence has contributed to such injuries, unless his negligence was slight and that of the defendant gross, when compared with each other.

We have carefully examined the evidence published in the abstracts, and find but little controversy as to the material facts.

The sidewalk was composed of boards, between four and five inches in width, and of the thickness of one inch, nailed on stringers, two by four inches in diameter. At the place where appellee received his injury, one of the boards had decayed, and splinters had been broken off, leaving a hole in the sidewalk, which appellee describes as being five inches wide and eighteen inches long, and the boards, he says, were elevated five or six inches above the surface of the ground.

On the 15th of October, 1874, about 9 o'clock in the forenoon, as appellee, in company with a friend, was passing over this portion of the sidewalk, he stepped on the edge of the board next the hole, his foot slipped, passing through the hole, and he fell at full length. His leg was thereby badly bruised, and he was, in consequence, many days confined to his room, was at considerable expense for medical attendance and nursing, and has lost much time. Whether the injury is permanent, does not clearly appear.

Appellee testifies that he saw the defect in the sidewalk the first time he passed over the sidewalk, which was four or five days before he was injured, and several times subsequently. He was conscious that it was there, but was not

looking for it, being, at the time he came upon it, engaged in observing a passing buggy, to satisfy his curiosity in regard to the style of harness used upon the team. Now, this was plainly not due care. It was no care at all; it was heedlessness. Had he not known of the defect, he might, probably, have been justified in assuming that the sidewalk was safe, and in acting upon that hypothesis. Or if, knowing the defect, some present necessity had distracted his attention, he might be excusable in not recollecting; but a person, in the full possession of his faculties, passing over a sidewalk, in daylight, with no crowd to jostle or disturb him, no intervening obstacles to obscure approaching danger, and no suddenly occurring cause to distract his attention, is under obligation to use his eyes to direct his footsteps, and those who do not do so, are negligent. Had appellee given a mere casual glance ahead of him, he must have seen the defect, and the slightest variation in his course would have avoided the danger.

The character of the defect in the sidewalk was not such as necessarily to arouse serious apprehension of imminent peril to the public; and while appellant's officers were negligent and inexcusable in not discovering and repairing it within a reasonable time, it seems to us incredible that any dispassionate mind can reason itself into the belief that this passive negligence of appellant was gross and that of appellee slight, in comparison with each other. Unless this can be said, there can be no recovery.

The judgment is reversed.

*Judgment reversed.*

Mr. CHIEF JUSTICE SCOTT dissenting.