CITY OF MACOMB

v.

THOMAS SMITHERS.

1.  CITIES—CONSTRUCTION OF SIDEWALKS.—A city is not bound to so construct its sidewalks as to furnish complete immunity from accident to foot passengers; the utmost that can be required is, that it exercises reasonable care in their construction and maintenance.

2.  CARE IN PASSING OVER.—A person passing over a sidewalk is bound to exercise only reasonable care in respect to his own safety, and until he is chargeable with notice to the contrary, he has a right to presume the same to be in a reasonably safe condition.  But he is bound to act with prudence in the light of known facts, and if he heedlessly run into known danger, he must bear the consequences.

City of Macomb v. Smithers.

3. RULE OF DETERMINING WHAT IS CARE.—In respect to the care to be exercised by a person passing over a sidewalk, the person is not to be judged by the opinions of others. He is entitled to the benefit of his own judgment if it leads him into a reasonably prudent course of conduct. But where the dangerous condition of the walk is known, his care must be measured by the necessities of the case.

4. ACCUMULATIONS OF SNOW.—If the walk was properly constructed, then so long as the snow and ice did not accumulate so as to cause an obstruction to travel, the city was not bound to remove it.

5. COMPARATIVE NEGLIGENCE.—In this case the plaintiff had knowledge of the slippery condition of the walk, and even though the defendant may have been negligent in constructing the walk or in failing to remove the snow and ice, yet plaintiff's negligence and want of care in passing over it, was such as to preclude his right to recover.

APPEAL from the Circuit Court of McDonough county; the Hon. S. P. SHOPE, Judge, presiding. Opinion filed June 29, 1880.

Mr. JAMES M. BLAZER and Mr. C. F. WHEAT, for appellant; that it was error to allow proof by plaintiff showing how the defect in the walk could have been remedied, cited Chicago v. Mc Given, 78 Ill. 347.

Plaintiff cannot recover by reason of his own negligence: Chicago v. Mc Given, 78 Ill. 347; Village of Kewanee v. Depew, 80 Ill. 219; Quincy v. Barker, 81 Ill. 300; Chicago v. Bixey, 84 Ill. 83; Aurora v. Pulfer, 56 Ill. 270; City of Winchester v. Case, 5 Bradwell, 486; Lovenguth v. City of Bloomington, 81 Ill. 238; City of Centralia v. Krouse, 64 Ill. 19.

Plaintiff's negligence should be slight, and that of defendant gross in comparison, or there can be recovery: Wabash R. R. Co v. Henks, 5 Ill. Syn. Rep'r, 37; Schmidt v. C & N. W. R. R. Co. 83 Ill. 405; C. & A. R. Co. v. Gretzner, 46 Ill. 74; G. & C. U. R. R. Co. v. Jacobs, 20 Ill. 478; G. & C. R.R. Co. v. Fay, 16 Ill. 558; C. & N. W. R. R. Co. v. Dimmick, 12 Chicago Legal News, 234.

The city is not obliged to keep its walks entirely free from snow and ice: Quincy v. Barker, 81 Ill. 300.

Messrs. NEECE & MOSHER and Mr. D. G. TUNNICLIFF, for ap-

pellee; that plaintiff was not guilty of such negligence as will preclude a recovery, cited Todd v. City of Troy, 61 N. Y. 506; Rockford v. Hildebrand, 61 Ill. 155.

The city was guilty of gross negligence in constructing its sidewalks: Hicks v. Sillman, 12 Chicago Legal News, 283.

Where the instructions, taken as a whole, fairly state the law of the case, an error in one will not be ground for a reversal: Durham v. Goodwin, 54 Ill. 469; Van Buskirk v. Day, 32 Ill. 260; Lawrence v. Hagerman, 56 Ill. 68; T. W. & W. R. R. Co. v. Ingraham, 77 Ill. 309; Statton v. Central City Horse R'y Co. 12 Chicago Legal News, 301.

McCULLOCH, P. J. This was a suit by appellee against appellant, to recover damages received by him in falling upon one of appellant's sidewalks, in the winter time, when it was in a slippery condition on account of snow and ice being thereon. The facts appear to be that, originally the sidewalk in question was level. Some time in the year preceding the accident, the city authorities, with a view of ultimately raising the sidewalk along the entire block, caused about thirty-four feet in the length thereof to be relaid with brick, at an elevation of from six to nine inches higher than the older portions.

In order to adjust the new to the old, an inclined plane was made at each end of the newer portion; that at the south end rising six inches in height to four and one-half feet in length of the sidewalk, whilst that at the north end rose nine and one-half inches in four feet.

Appellee was well acquainted with this condition of the sidewalk from the time it was so laid. Some time before the accident in question there had been a deep fall of snow, which had been removed for a sufficient width for two persons walking side by side to freely pass over the sidewalk. The place in question (the north slope) had become very slippery from the melting and freezing of the snow, and from boys sliding thereon. Of this condition of the walk appellee was also aware, or had every means of becoming aware of it.

That it was a dangerous place, is made very evident from the fact that many persons fell there, while others were obliged to

use extraordinary means to avoid doing so. On the night preceding the accident, a light snow had fallen, which possibly caused the place to appear less dangerous than it really was. But it does not appear that there was at any time any greater accumulation of snow at that place than that which covered the ground generally. No complaint is made that the city authorities neglected to remove any unusual accumulation of snow. The charge is that appellant so carelessly, negligently and unskillfully constructed said sidewalk, that the same was not reasonably safe for persons passing on, over and along said walk when the same was wet, damp or covered with ice, sleet, frost or snow; that the same had from these causes been, for a long space of time dangerous, and appellant had neglected to render the same safe, by removing the frost, snow, ice and sleet therefrom, or in any other manner, providing any remedy therefor.

On the morning in question, appellee had gone south over this same sidewalk in safety. In a short time thereafter, in returning he had passed over the southerly slope, and in coming to the northerly one, stepped upon it in the usual manner of walking, and, in doing so, fell and broke his arm.

Appellant was not bound to so construct its sidewalk as to afford complete immunity from accidents to foot passengers thereon. The utmost that can be required of it is, that it exercise reasonable care and prudence in the construction and maintenance of its sidewalks, so as to afford a reasonably safe means of transit at any and all seasons of the year, to those passing and repassing thereon in the exercise of reasonable care and caution. City of Chicago v. McGiven, 78 Ill. 347; City of Quincy v. Barker, 81 Ill. 300; City of Chicago v. Bixey, 84 Ill. 83.

Nor is a person passing over a sidewalk, bound to exercise more than reasonable care and caution in respect to his own safety. Until he is chargeable with notice to the contrary, he has a right to presume the same to be in a reasonably safe condition. But he is bound to act with reasonable prudence in the light of known facts. If, therefore, he heedlessly runs into known danger, he must bear the consequences of his own folly. Kewanee v. Depew, 80 Ill. 119.

It is true, he is not to be judged by the mere opinions of witnesses that another course would have been a safer one. He is entitled to the benefit of his own judgment, if it leads him into a reasonably prudent course of conduct. If two men, in passing over a dangerous walk, should adopt different, but equally prudent, measures respecting their personal safety, and one of them should fall while the other passed over in safety, the one who fell is not to be judged by the conduct of him who fell not, for they were both equally prudent, and the accident was the result of an error in judgment. Chicago v. McGiven, *supra*. The question in each case is whether or not the conduct of the plaintiff was, in the light of all the surrounding circumstances, characterized by reasonable care and prudence. If it was not, then he cannot recover. C. B. & Q. R.R. Co. v. Van Patten, 64 Ill. 510. But, if the negligence of the defendant in the matter complained of, has been gross, the law will not require the plaintiff to show that he was absolutely free from fault, but will even indulge him in a slight degree of negligence, provided his conduct still appears to be that of a reasonably careful and cautious man.

But where the dangerous condition of the walk is known, his care must be measured by the necessities of the case. Kewanee v. Depew, *supra;* Quincy v. Barker, 81 Ill. 300.

Tested by these principles, we cannot see that appellee has shown any right to recover. The charge in the third count in the declaration (which is the most favorable one for appellee), is that appellant constructed and built the sidewalk in question, so carelessly, negligently, unskillfully, and in such a wrongful manner, that the same was not reasonably safe for persons passing over the same when it was wet, damp, or covered with ice, sleet, frost or snow. The fault here charged is in the construction of the sidewalk. There is no complaint that it was at other times dangerous. The proof shows that it had become slippery by reason of the snow and ice resting thereon, which had become hard and smooth, and this condition of things had been aggravated by the boys sliding down the incline in the walk. If the walk was properly constructed, then so long as the snow and ice did not accumulate so as to cause

an obstruction to travel, the city was not bound to remove it, nor is this the cause of complaint here. That duty is sought to be imposed upon the city because of its own act in so constructing its sidewalk as to render it dangerous when covered with snow and ice. If an action can be maintained on that ground at all, the proof must show negligence on the part of the city, and that the plaintiff was either wholly free from negligence, or if guilty of any negligence contributing to the injury, it was but slight, and that of appellant was gross in comparison therewith. That the place was slippery and somewhat dangerous, seems to be well established by the evidence, and that the dangerous condition of the walk, at that time, may be attributed largely to the manner in which it was constructed, may also be conceded.

But it is equally true, that appellee was well acquainted with its condition, and had been so acquainted with it for some time. In fact he had passed over it that very morning within an hour of the time of the accident, but says he did not know that it was slippery or dangerous at the time he attempted to cross over and fell. Now, if this place in the sidewalk was so very dangerous as to call for extraordinary precautions on the part of the city authorities, it seems very evident that appellee would, in passing over it twice inside of an hour, have discovered its dangerous character; or if he did not discover it, knowing as he did, of the inequality of the walk, he must have been guilty of inexcusable carelessness. With the means of knowledge in his possession which he had, it appears to us that a high degree of negligence on the part of the city authorities is wholly incompatible with the exercise of a reasonable degree of prudential care on the part of appellee at the time of the accident, for the dangerous condition of the sidewalk, if that was its condition, must have been apparent if he had but used his eyes.

Cases are not wanting, where, under very similar circumstances, the right of action has been totally denied. Kewanee v. Depew, *supra;* Quincy v. Barker, *supra;* Chicago v. McGiven, *supra.*

Appellee says he walked over the place in question carefully,

but, when we remember he says he did not know the place was slippery or dangerous, this expression must be taken to mean that he exercised no more care at that place than at any other place in the walk.

If appellant was so culpably negligent as is alleged, the results of that carelessness were of such a character as to be plainly visible, and to call for the exercise of extraordinary precaution on the part of passers-by.

The proof in this case showing that appellee either did not discover the danger, or did not take any precautions corresponding with the situation, we must hold that, until these plain requirements of prudence on his part shall be fully met, or their omission satisfactorily accounted for, he cannot recover. The judgment will be reversed, the cause remanded, and a *venire de novo* awarded.

Reversed and remanded.

HIGBEE, J., dissenting.