# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

First District—October Term, 1884.

## City of Chicago
## v.
## Milton Hickok.

1.  Traveling on sidewalk—Presumption.—A person traveling upon a sidewalk of a city which is used by the public, has a right to act upon the presumption that such sidewalk is in a reasonably safe condition, and free from dangerous obstructions, but it is his duty to exercise reasonable and ordinary care and prudence to avoid danger.

2.  Instructions—Degree of care.—An instruction which substitutes the injured party's own judgment, in place of such judgment as men of ordinary care and prudence would have exercised, is erroneous. It prescribes an erroneous measure by which to gauge the degree of care required.

Appeal from the Superior Court of Cook county; the Hon. Rollin S. Williamson, Judge, presiding. Opinion filed February 10, 1885.

This was an action on the case, brought by appellee against the city of Chicago, to recover damages for a personal injury alleged to have been received by him through the negligence of the city in suffering a sidewalk along which appellee was passing, to be obstructed by a quantity of old building material, which had been thrown out of a building across the

(142)

walk and into a part of the street, thereby rendering it impracticable to pass except by going out into the street. Appellee and his son were going west on Adams street on the sidewalk, and on approaching the obstruction and attempting to pass around it, appellee's foot was caught in the rubbish, and he was thrown onto the pavement, dislocating his shoulder, and causing the injuries complained of. It was in the night time and there was no red light or other danger signal placed on the obstruction, but the evidence tended to show that it was visible by the reflection of the electric lights of the exhibition building not far distant; and it appeared that appellee saw the obstruction in time to prevent his running against it. By stepping back a few feet there was nothing to prevent his passing around it in safety.

There was a jury trial resulting in a verdict for the plaintiff for fifteen hundred dollars, upon which there was judgment, and the city appealed to this court.

Mr. CLARENCE A. KNIGHT, for appellant.

Mr. RANDALL H. WHITE and Mr. A. B. BALDWIN, for appellee.

WILSON, P. J.    Various grounds for the reversal of the judgment are urged, of which we find it necessary to consider only one. The plaintiff's third instruction relates to the degree of care which the law requires of a person, when placed in a situation of danger, such as the evidence in the present instance tended to show. It is as follows: "The jury are instructed as a matter of law that any person traveling upon a sidewalk of a city which is in constant use by the public, has a right, when using the same with ordinary care and diligence, to presume and to act upon the presumption that such sidewalk is reasonably safe for ordinary travel throughout its entire width, and free from all dangerous obstructions placed thereon; and if, while so passing along such sidewalk in the exercise of ordinary care and diligence, in the night time, one finds himself unable to proceed because of obstructions negligently

suffered to be on such sidewalk, which bar or hinder his further progress along said sidewalk, then it is lawful and proper for such person to retrace his steps or to turn aside in such manner as to him seems safe and best, so as to avoid such obstructions; and if, while so doing, and in the exercise of ordinary care and prudence, such person is unavoidably brought in contact with such obstructions so negligently left on such sidewalk, if such there were, and in consequence thereof is thrown down and injured while exercising ordinary care and prudence to avoid being injured, in such case the city would be liable, provided you find from the evidence the city had either such actual or constructive notice of such obstructions, if such there were, as is mentioned and described at the end of instruction number nine, given for the defendant in this case Given."

While it is true that persons traveling upon a sidewalk of a city which is used by the public have a right to act upon the presumption that such sidewalk is in a reasonably safe condition and free from dangerous obstructions, it is also true that it is his duty to exercise reasonable and ordinary care and prudence to avoid the danger. He is held to the use of such care and caution as men of ordinary prudence would exercise under like circumstances, otherwise his misfortune will be chargeable to his own folly. This principle is too familiar to require the citation of authorities for its support. The degree of care required by the instruction is measured by no such standard. By it the jury were told that if one, while passing along a sidewalk in the night time, finds himself unable to proceed because of obstructions negligently suffered to be on such sidewalk, which bar or hinder his further progress along said walk, then it is lawful and proper for such person to retrace his steps in such manner " as to him seems safe and best," so as to avoid such obstructions; and if, while doing so, and in the exercise of ordinary care and prudence, he is thrown down and injured, the city is liable, etc. By the rule as thus laid down the party injured is allowed to retrace his steps or turn aside in such manner as to *him* seems safe and best, although to men of ordinary care and prudence the manner would be

deemed to be wholly unsafe and imprudent. It may be that he exercised ordinary care in respect to the means or manner which he adopted, but the question is, was the manner adopted such a one as men of ordinary care and prudence would have selected. The vice of the instruction consists in substituting the injured party's own judgment, however faulty it may have been, in place of such judgment as men of ordinary care and prudence would have exercised. It is not enough for one to say, "I thought the course I pursued was the best." He must adopt such a course as to men of ordinary prudence, placed in like circumstances, would appear to be the best. The instruction thus prescribed an erroneous measure by which to gauge the degree of care required of the plaintiff, and was liable to mislead the jury.

As the case is to be submitted to another jury, we express no opinion upon the merits, but for the error in giving said instruction, the judgment is reversed and the cause remanded to the court below for a new trial.

Reversed and remanded.