THE CITY OF CENTRALIA

v.

CATHERINE J. BAKER.

*Municipal Corporations — Personal Injuries — Negligence — Defective Sidewalks—Evidence—Instructions.*

1. In an action against a city for personal injuries sustained by reason of a defective sidewalk, this court declines to interfere with a verdict for plaintiff.

2. A person not knowing of a defect in the sidewalk has a right to presume it is safe, and need not keep her eyes on the walk.

3. An "unsafe" sidewalk is not "in a reasonable condition of repair."

[Opinion filed June 13, 1890.]

Appeal from the Circuit Court of Marion County; the Hon. Wm. H. Snyder, Judge, presiding.

Appellee was injured by a fall upon a sidewalk on the north side of Broadway between Locust and Oak streets in the city of Centralia, occasioned, as appellee claims, by a defect in the sidewalk. The sidewalk was some nine feet in width and made of boards. The stringer near the street had decayed and would not hold nails. The boards were oak and one of the boards in particular being loose at the outer edge of the walk, had become warped and was raised some two or three inches above the level of the walk and this extended back from the outer edge of the walk for a distance of three or four feet. This was the most public place in the town and was in front of the old National Bank. There were steps from the sidewalk leading up to the bank entrance and these steps extended about two feet on the walk. A good many people usually congregated about this place on the walk. Mrs. Baker, at the time of the injury, was going east. Two persons were going west at the same time, and they passed to the right next to the bank, and she went also to the right and toward the outer edge of the walk. She caught her foot in the board that stood above the level of the walk and fell. Persons were standing next to the bank and some on the south edge of the walk. Mrs. Baker was in search of a man to saw wood. She says that just as she came to the bank corner she thought of the man she was looking for, and cast her eye over the crowd of persons standing there to see if he was there. Other witnesses say that she seemed to be looking for some one; that she was not looking down. It was shown that the walk had been in the condition described for some considerable time.

Messrs. G. Pierce Duncan and W. & E. L. Stoker, for appellant.

Messrs. Casey & Dwight, for appellee.

Reeves, P. J.   Appellant insists that the sidewalk was not dangerous.   The true test is, was it in a reasonably safe condition for the use of persons traveling over it, using ordinary care for their personal safety?   This question was fairly submitted to the jury, and they found that it was not.   We are not inclined to disturb their finding.   We think the evidence will support the verdict on this point.

It· is also urged that appellee was not using the degree of care that the law imposed on her.   The only support for this contention is that she was not looking down at the time of the accident—was not using her eyes to direct her footsteps.   If we understand the position of appellant on this point, it is that unless a person is constantly looking at the place where he is about to put his foot he is guilty of negligence.   We think this states the duty of one passing along a public sidewalk too strongly.   This would be the highest degree of care, while the law only requires ordinary care.   It is conceded that one may not shut his eyes and blindly walk into danger, but that a foot passenger upon a public sidewalk is bound to keep his eyes, at every step, upon the place where the next step is about to be taken, we can not concede.   In passing over a known dangerous place such, undoubtedly, would be the rule, but we can not assent to the position that this must be the uniform and constant rule, in order to exempt one from negligence.   Owen v. City of Chicago, 10 Ill. App. 465.   Appellee says she did not know of the defect in the walk, and she had a right to presume that the walk was safe.   City of Macomb v. Smithers, 6 Ill. App. 470; City of Chicago v. Hickok, 16 Ill. App. 142.   Upon the whole evidence we think appellee was exercising the degree of care which the law imposed upon her.

We perceive no error in giving or refusing instructions. The first of the plaintiff's given instructions could not, when read with the other instructions in the case, have misled the jury.   The criticism upon the second and fourth is verbal, and, while strict accuracy was not observed in drawing these instructions, we find in them no reversible error.   We do not see how, if the sidewalk was unsafe, it could be said to be in

a reasonable condition of repair, which meets the objection in the fifth instruction. The sixth instruction, as copied in the record, it is conceded, was not given on the trial which resulted in the judgment now before us. The instructions asked by defendant which were refused by the court, were properly refused.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*