## City of East St. Louis v. Mary Donahue.

1. ORDINARY CARE— *What is Not a Want of.*—A person who receives an injury on account of a defective sidewalk is not necessarily precluded from recovering damages therefor merely because of his previous knowledge of the defect, but such knowledge is an element for the jury to consider in determining the question of ordinary care.

2. SAME—*Exercise of—How Determined.*—The question whether the plaintiff was exercising ordinary care for her own safety can only be determined from the facts and circumstances surrounding and connected with the accident.

**Trespass on the Case,** for personal injuries. Trial in the City Court of East St. Louis; the Hon. BENJAMIN H. CANBY, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the February term, 1898. Affirmed. Opinion filed September 9, 1898.

FORMAN & BROWNING, attorneys for appellant.

A. FLANNIGEN and MESSICK & MOYERS, attorneys for appellee.

MR. JUSTICE BIGELOW delivered the opinion of the court.

The record in this case comes here by appeal from the City Court of East St. Louis, in which appellee recovered a judgment against appellant for $200 damages on account of the negligence of appellant in allowing a sidewalk of the city to become and remain out of repair and in a dangerous condition for travel for a considerable length of time, in consequence of which appellee, in traveling over it and while in the exercise of ordinary care, fell through the walk, severely spraining her ankle, rupturing the ligaments of it so that she was unable to walk for about two months, and, in the cure of it, contracted a medical bill of about $40.

The assignments of error, and appellant's brief and argument, only question the ruling of the court in overruling appellant's motion for a new trial, based solely on the ground that appellee testified that she had known for some time prior to getting injured that the sidewalk had been out of repair, and did not testify that at the time of the accident she was exercising ordinary care for her own safety.

If, as seems to be contended, a person knowing a sidewalk to be out of repair and attempting to travel on it does so at his own risk of being injured, the contention is correct. In this case, as in thousands of others, the occupants of premises are so situated that they can not leave their own doors

without going over sidewalks which they know are more or less out of repair, and must it be said that, if they do leave under such circumstances, they are remediless if they are injured on a sidewalk that a city knows to be defective, no matter how careful they may have been in traveling on it? Such is the logical deduction from the rule contended for, and the case of Village of Kewanee v. Depew, 80 Ill. 119, is cited and relied upon as supporting the contention. That case holds no such rule. The real point on which the case turned was, that while Depew knew the walk on which he was traveling was in a dangerous condition, he also testified to facts showing conclusively that at the time, he was grossly negligent of his own safety, by giving his entire attention to observing a passing team, in order to satisfy his curiosity in regard to the style of harness used upon it. The court did not hold that because he knew the sidewalk was in a dangerous condition he could not recover, but it barred him from recovering because, while knowing of the danger ahead of him, he furnished the affirmative evidence that he was not exercising ordinary care in traveling over the walk, which is far different to what his case might have been had he furnished no such evidence on the subject of due care.

It is not the law that a person who receives an injury on account of a defective sidewalk is precluded from recovering damages therefor merely because of previous knowledge of the defect, but such knowledge is an element for the jury to consider in determining the question of ordinary care.

It is true appellee did not testify in terms, that she was exercising ordinary care at the time she was injured, and had she done so, such testimony would have been improper. The question whether she was exercising ordinary care for her own safety could only be determined from the facts and circumstances surrounding and connected with the accident, and these were in evidence before the jury, and were such as to warrant the jury in finding as they did.

There is no error in the record and the judgment is affirmed.