## Village of Altamont v. M. S. Carter.

1. SIDEWALKS—*Knowledge of Defects Does Not Establish Negligence per se.*—Knowledge of defects in a sidewalk by a person before he goes upon it and is injured, does not, of itself, establish negligence on the part of the person injured.

2. SAME—*Knowledge of Defects a Part of the Things to be Considered.*—The knowledge of a person injured, by defects in a sidewalk, of its condition when he attempts to go upon it, is one of the circumstances to be considered by the jury in determining whether such person was, at the time of his injury, in the exercise of ordinary care for his own safety.

3. SAME—*Right to Pass Over Defective Walks.*—While a person, as an unqualified legal proposition, has neither the absolute right to pass over a sidewalk which he knows to be defective, nor is he bound to take another route to his home, and for the court to hold such person guilty of such negligence in taking a route home over a sidewalk which he knows to be defective, or in looking up at the windows of adjacent buildings as he passes along over such walk, as would deprive him of a right to recover for an injury received, would be to exercise a power belonging to the jury which tried the case.

Village of Altamont v. Carter.

4. INSTRUCTIONS—*Unnecessary to Repeat in Each Instruction the Words, "if the Jury Believe from the Evidence."*—When the trial court, in an instruction, tells the jury "if they believe from the evidence," etc., it is unnecessary to repeat the words in the same instructions, for it is an ancient and wise saying that "Many words darken speech."

Replevin.—Appeal from the Circuit Court of Effingham County; the Hon. WILLIAM M. FARMER, Judge, presiding.    Heard in this court at the August term, 1901.    Affirmed.    Opinion filed October 21, 1901.

JACOB ZIMMERMAN, attorney for appellant; WOOD BROS., of counsel.

WRIGHT BROS. and E. N. RINEHART, attorneys for appellee.

MR. JUSTICE BIGELOW delivered the opinion of the court.

Appellee brought an action of trespass on the case, against appellant, to recover damages for injuries received by him, from falling into an opening that had been left uncovered and unguarded, in a sidewalk along a public street, in the village of Altamont, while in the exercise of due care for his own safety.

A trial by jury resulted in a verdict in favor of appellee for $1,000 damages, on which judgment was rendered by the court, after denying a new trial, and the village brings the record here on appeal.

Appellant's statement of the case, is, so far as it goes, substantially correct, and is as follows:

"A brick walk, five feet wide, running north and south on Second street, past the west side of Klitzing & Munzell's store building.    On the west side of the walk and close to its edge was a hitch-rack, where many teams stood, and horses' heads and wagon tongues extending over the railing, made the walk narrow.    On east side of walk, close to building, four ventilating holes had been left.    They led into the basement for ventilation, or to put in coal, or potatoes, or to admit light.    The most northerly hole was for coal, the next one south for potatoes, and the next for light. The coal hole was covered with plank; the others with a lid made of slats, one inch thick and three inches wide; village authorities were ignorant that holes were open.    One was open a year prior to accident.    Each hole had a head or cover-

ing, but during winter of 1900, the one next the most southerly got broken, when it was covered with a board. The covers had hinges. The holes were twenty inches in width and seventeen inches deep, but the second from the south, in which appellee claims to have fallen, was half filled with rubbish. When coal or potatoes were being put into basement, the two northerly holes were open, and closed at other times. Appellee knew condition of walk and the holes for more than a year.

The evening of the accident appellee was at paper store, sixty feet south, and on same side of street. Two persons started home with him, going north and passing over the sidewalk where these holes were. The nearest way was to go west across the street. This was the usual way and one of the party proposed it, but appellee insisted on going north. This brought them alongside the Klitzing & Munzell building to Railroad street, then across Second, and then south on west sidewalk past Mrs. Tapson's, which was further south than the paper store.

Appellee and his two companions walked nearly abreast, he taking the inside, which brought him next to the Klitzing & Munzell building. He stepped into the second hole from the south, and fell forward, or in front. He was assisted home, and a physician called in at once, whom he would not permit to make examination, and whom he discharged by employing another physician.

At some period afterward, physicians judged that appellee's tail bone was fractured from a fall, and striking there, or concussion of spinal cord. The appellee had stated that he fell and hurt his back, also that in falling he had struck his abdomen and injured his bladder.

Prior to this accident appellee was affected with tuberculosis to an extent that required amputation of arm, there being suppuration of the elbow joint and destruction of bones of arm above and below."

To the foregoing should be added that appellee is a painter and decorator by trade, and had been requested to frost the windows of a hall on the opposite side of the street on which he was traveling, and at the time he fell into the open hole, he was not thinking about the hole, but there was a light in the hall, and he was looking at the hall windows to see how badly they needed frosting.

It is contended by counsel for appellant that inasmuch as appellee knew of the existence of the open hole in the side-

Village of Altamont v. Carter.

walk, his injury was occasioned by his own negligence, or
want of due care and caution, and therefore he ought not to
recover.

In support of this contention, counsel cite City of Aurora
v. Pulfer, 56 Ill. 270; City of Centralia v. Krouse, 64 Ill. 19;
Village of Kewanee v. Depew, 80 Ill. 119; Village of Clay-
ton v. Brooks, 150 Ill. 97.

In City of Aurora v. Pulfer, Pulfer was injured in climb-
ing over a fence in the night time. The fence was placed
where it was by the owner of the land. It was claimed by
Pulfer that the fence obstructed a street or thoroughfare
of the city, but the evidence in the case failed to show the
existence of any street or thoroughfare where the fence was
erected, and after commenting on the facts as to the exist-
ence of a street, the court said, "if the right of the city was
clear and unequivocal it would be the plain duty of the city
to keep it open and free from obstruction for the use of the
public, or answer in damages for the consequences." The
city was held not liable.

In City of Centralia v. Krouse, a disastrous fire in
the city, about the middle of December, 1870, destroyed
eleven buildings, one of which belonged to Krouse. The
sidewalk in front of the buildings was made of plank, and
was so damaged by fire as to render it almost impassable.
Within two or three days after the fire, there was a fall of
snow and sleet, and the weather became so very cold that
it was difficult to procure men to repair the sidewalk. The
city had erected temporary guards along the walk to prevent
accidents. A very few days after the fire, Krouse, in pass-
ing over the sidewalk to get to his own building, in the day-
time, and with full knowledge of the dangerous condition of
the walk, fell and was injured, and in consequence of the
injury sought to recover damages from the city. The court
held that under the conditions that existed, the city should
not be held liable for not repairing the walk before the
accident occurred, and that the injury was the result of the
negligence of Krouse.

In Village of Kewanee v. Depew, Depew, while passing

over a board sidewalk in Kewanee, about 9 o'clock in the morning, because of a defect in the walk, which he already knew of, fell and was injured. He sued the village for neglecting to repair the sidewalk. The court held that the village was negligent in not repairing the walk, but that Depew could not recover damages for his injuries, because of his "heedlessness" in not using his eyes to guide his steps in passing over the hole in the walk, but instead was "engaged in observing a passing buggy, to satisfy his curiosity in regard to the style of harness used upon the team."

Neither of the above cases is sufficiently analogous in its facts, to the facts in this case, to warrant the contention that the holding in either case, should govern this case.

The remaining case cited is Village of Clayton v. Brooks. In that case the appellee, Louisa M. Brooks, between the hours of 9 and 10 o'clock of a dark night in July, while returning home from a lodge building where she had been for the evening, fell into a hole in the sidewalk and was injured. She had known for weeks before of the condition of the sidewalk. She could have gone by another route in safety, by traveling about two blocks further. She sued the village and recovered a judgment for $2,500, and the village appealed to the Appellate Court which affirmed the judgment, when it appealed to the Supreme Court with like effect. The Supreme Court said: "The law is, we think well settled, that knowledge of the defect in the sidewalk, by the person injured, before he goes upon the same or before the injury, does not *per se*, establish negligence upon his part," citing many cases. The whole case is so nearly like the one at bar, that it is scarcely possible to distinguish any substantial difference between them; and we are of the opinion that the law as laid down in that case should govern in this case. The hole into which appellee fell was a large one, and dangerous to pedestrians traveling on the sidewalk, even in the daytime; and the fact that for the moment appellee did not think of the existence of the hole, for which he gives a reason, is not sufficient to charge him with such negligence as an ordinary, careful, prudent man would not have been guilty of.

Village of Altamont v. Carter.

It is by no means certain that if appellee had been looking straight ahead, and had in mind the existence of the hole, that he would not have fallen into it. But it is urged that he might have taken another route to his home, and so have arrived there in safety, and probably that is true; but the ordinary man is not endowed with omniscience, and the law ought not to be applied to him as if he were so endowed.

Appellee's knowledge of the condition of the sidewalk that he attempted to pass over, was one of the circumstances to be considered by the jury, in determining whether he was in the exercise of ordinary care for his own safety; City of Bloomington v. Chamberlain, 104 Ill. 268; City of Sandwich v. Dolan, 133 Ill. 177; City of Flora v. Naney, 136 Ill. 45; City of Joliet v. Conway, 17 Brad. 577.

As an unqualified legal proposition, appellee had neither the absolute right to pass over the defective sidewalk, which he knew to be defective, nor was he bound to take another route to his home, the sidewalk along which was not defective. To hold that appellee was guilty of such gross negligence in taking the route to his home that he did, or in looking at the windows of the building as he did, or in both, as should deprive him of any right to recover for the injury received, would be to exercise a power that belonged to the jury which tried the case, and which neither the trial court nor the Appellate Court rightfully possesses.

It is suggested by counsel for appellant that the court erred in giving some of plaintiff's instructions, and particularly the first instruction, because it did not tell the jury that they should find their verdict from the evidence. The instructions are not given in full in the abstract, as they should have been, but an attempt was made to abbreviate them (a practice we can not encourage); but we have looked into the record and find that the ground of the objection does not exist in fact.

When the court, in an instruction, tells the jury "if they believe from the evidence," etc., it is unnecessary to repeat the words again in the same instruction, for it is an ancient and wise saying that "many words darken speech."

There is no ground for objection to any of plaintiff's instructions.

As to appellant's refused instructions, there was no error in refusing them, as the substance of them was fully contained in other instructions given.

We do not understand appellant's counsel as urging there was any error, either in admitting or excluding evidence, and we find none.

The judgment is affirmed.