METZ, Respondent, v. CITY OF BUTTE, Appellant.

(No. 1,475.)

(Submitted February 25, 1903. Decided March 14, 1903.)

*Municipal Corporations — Defect in Sidewalk—Negligence— Presumptions—Evidence—Instructions.*

1. Where a sidewalk at a certain place was about five inches higher than the ordinary grade of the sidewalk, and plaintiff was injured in stepping down from such elevated portion in the nighttime, in an action against the city for the injury defendant sought a nonsuit on the hypothesis that, the sidewalk having been constructed by the city officials, it was to be presumed that it was constructed on a general plan adopted by the city, and that plaintiff must show tnat the elevation actually constituted a defect. *Held,* that no such presumption could be indulged in in the absence of any evidence to show the sidewalk at that point built on a general plan.
2. In an action against a city for injuries owing to a defective sidewalk, witness could not state as to whether, in his opinion, the sidewalk was reasonably safe ; it being a question for the jury to determine whetuer or not the sidewalk was defective.
3. Where the court instructed that if the city, by its officers, had notice of the defect, which was a dangerous one, the city was liable for any damages on account thereof, such instruction was not erroneous on the ground that it eliminated contributory negligence, where other instructions clearly told the jury that contributory negligence would preclude recovery.

*Appeal from District Court, Silver Bow County; Henry C. Smith, Judge.*

Action by Lou Metz against the city of Butte. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

*Mr. Edwin M. Lamb,* for Appellant.

If there was a dangerous defect in the sidewalk on the street at the point complained of it was due to the fact that the plan adopted by the defendant for the construction of the sidewalk was dangerous and unsafe, for the sidewalk existed at the time of the injury as originally constructed. (*Conlon v. City of St. Paul,* 72 N. W. 1073.)

There was no evidence that a defect existed in the walk com-

plained of. It is true, as shown by the testimony, that plaintiff was injured, but "the jury are not to infer a defect on the highway at a particular time and place merely from the fact that an injury was sustained at that time and place." (*Church* v. *Cherryfield,* 33 Me. 460; *Collins* v. *Dorchester,* 6 Cush. (Mass.), 396; *Morgan* v. *City of Lewiston,* 40 Atl. 515.)

A witness may give his opinion when the subject of the inquiry is so indefinite in its nature as not to be susceptible of direct proof. (Rice on Ev., Vol. I, page 357.)

If different persons, upon the facts, might have different opinions as to the condition of the street for safety, the city ought to have the benefit of the doubt. The presumption is in favor of the city. (*Gould* v. *Topeka,* 32 Kan. 485.)

*Messrs McHatton & Cotter,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was commenced in the district court for Silver Bow county by the plaintiff, Lou Metz, against the city of Butte, to recover damages for personal injuries alleged to have been suffered by the plaintiff by reason of the negligence of the defendant in permitting a dangerous defect to be and remain in a sidewalk along one of the streets of the city, in consequence of which the plaintiff, without fault or negligence on her part, fell, and seriously injured herself. The uncontroverted facts are that Quartz street, in Butte, is one of the principal thoroughfares in that city; that it runs east and west, crossing Main street and Alaska street at right angles; that on the north side of Quartz street, about half way between Main and Alaska streets, the city, in 1894, erected a building for a hosehouse; that the grade of the street is quite steep, descending from Main street west; that at the southwest corner of the hosehouse there is a step or offset about five inches high, extending across the sidewalk; that along this walk a great many pedestrians travel both during the daytime and at night; and that the step or offset was known to the building inspector and assistant street

commissioner of Butte long prior to the date of the plaintiff's injury. Upon the trial the plaintiff introduced evidence tending to prove the injury suffered by her, the character and extent of it, the fact that it was caused by her stepping off of the step or offset in the sidewalk while traveling along the walk after night, when it was very dark; that no light or signal was placed by the city at the point in the walk where the step or offset occurs; and that she had no knowledge of its existence until the time of the accident. The witness Kemp, for the plaintiff, testified that in 1894 he was sanitary inspector of Butte; that the sidewalk, at the point where the step or offset occurs, was constructed in that year under the directions of the building inspector of Butte, who drew the plans for the hosehouse; that the southeast corner of the hosehouse was put on the established grade of the street; that the southwest corner was from 14 to 18 inches above that grade; that in constructing the sidewalk in front of the building to correspond somewhat with it and the slope of the street the walk was placed considerable above grade, necessitating the step or offset in order to connect with the adjoining walk; and that the walk had been left in that condition ever since 1894. At the close of plaintiff's case the defendant interposed a motion for a nonsuit upon the ground that the evidence does not show that the sidewalk at the place where the plaintiff fell and received the injuries complained of was not in a reasonably safe condition for persons traveling over the same and using reasonable care, but does show the contrary to be the fact. This motion was overruled. In presenting its defense, the attorney for the city asked the witness Sanfield if, in his opinion, the walk at the point where the step or offset appears was reasonably safe for pedestrians using ordinary care and diligence in passing over it. Upon objection by the plaintiff, the testimony was excluded. By agreement of the parties the jury visited and inspected the sidewalk at the point where the step or offset occurs. Among others, the court gave to the jury instruction numbered 7, which reads as follows: "You are instructed that if you find from the evidence that the city, by its officers, viz., street commissioner or his assistant, or either

of them, had notice of the existence of the step in the sidewalk at the point complained of at and prior to the time of the alleged injuries to the plaintiff, and if you find that the existence of such step in the said sidewalk was a dangerous defect therein, then such notice to said officers, or either of them, would be notice to the city, and the city would be liable for any damages sustained by plaintiff on account of the existence of such defect, if you find from the evidence that the same was a defect." The jury returned a verdict in favor of the plaintiff for $3,000 damages. From a judgment for that amount and costs, and from an order overruling defendant's motion for a new trial, this appeal is prosecuted.

The defendant contends that there is no evidence in the record showing or tending to show that the sidewalk where the plaintiff fell was not reasonably safe for any person exercising due care to pass over it, and therefore the motion for nonsuit should have been granted. This is urged upon this court upon the hypothesis that, the sidewalk having been constructed by the city officials, it is to be presumed that it was constructed upon a general plan adopted by the city for the construction of its sidewalks; and that, even though the plan may be defective, the judgment of the city officials upon that question must be deemed conclusive here; that it is incumbent upon the plaintiff to show something more than the condition of the walk, the fact of her having been injured by reason of the alleged defect, and the character of her injuries; that she must show affirmatively by evidence that the step or offset actually constitutes a defect in the walk; and that, having failed to do this, the court should say, as a matter of law, that no defect has been shown to exist. With this contention we cannot agree. In the absence of any testimony whatever upon the subject, we cannot say that any presumption is to be indulged that the sidewalk at the point in question was built upon any general plan adopted by the city for that purpose. But, on the other hand, the witness Kemp, for the plaintiff, testified that the walk at the point in controversy was actually built above the established grade adopted by the city for its sidewalks.

Neither do we think the district court erred in sustaining the objection to the question asked the witness Sanfield. All the facts and circumstances being before them, it was a question for the jury to determine whether or not the step or offset in the sidewalk constituted such a defect that the city, in the exercise of ordinary care and prudence, should have remedied. In *Leonard* v. *City of Butte,* 25 Mont. 410, 65 Pac. 425, this court held that, where the evidence showed that the sidewalk was composed of flagging, some part of which was so smooth that passers-by were frequently falling, it was a question of fact for the jury to say whether or not the walk was defective. In *City of Centralia* v. *Baker,* 36 Ill. App. 46, it was held that it was a question of fact for the jury to determine whether or not a walk was defective, where the evidence merely showed that one board had become warped by the sun so that it projected above the general level of the walk, thus presenting an obstruction against which passers-by were liable to stumble and fall. In *Town of Watertown* v. *Greaves,* 50 C. C. A. 172, 56 L. R. A. 865, 112 Fed. 183, the circuit court of appeals for the First circuit had under consideration precisely the same question as presented by this record, and held that, where the evidence showed a difference of three inches in the height of two adjoining portions of the walk, it was a question for the jury to say whether there was a defect in the walk. To the same effect are the decisions in *Tabor* v. *City of St. Paul,* 36 Minn. 188, 30 N. W. 765; *Redford* v. *City of Woburn,* 176 Mass. 520, 57 N. E. 1008; *Lamb* v. *City of Worcester,* 177 Mass. 82, 58 N. E. 474.

Exception is taken to instruction No. 7 given by the court, in that it is contended that the jury was told, if they found that the officers of the defendant city had notice of the existence of such step prior to the date of the plaintiff's injury, and if they further found that such step constituted a defect, then notice thereof to such officers was notice to the city, and the city would be liable to respond in damages for injuries sustained by the plaintiff by reason of such defect. Complaint is made that under this instruction the plaintiff could recover even though

she had been guilty of contributory negligence. Standing alone, this instruction might be open to the criticism made upon it, but no court is presumed to state all the law of a case in one instruction, and, taken in connection with other instructions given, notably No. 6, in which the jury was told that the plaintiff could not recover if guilty of contributory negligence, we are of the opinion that the objection to the instruction complained of is not well founded, and that the district court gave to the jury all matters of law necessary for their information in rendering a verdict.

We have examined the other errors assigned, and find no merit in them.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. JUSTICE MILBURN, being ill, did not hear the argument and takes no part in the foregoing decision.