Sullivan vs. The City of Oshkosh.

## SULLIVAN vs. THE CITY OF OSHKOSH.

*September 21 — October 10, 1882.*

CITY CHARTER:  SIDEWALKS:  EVIDENCE.  *(1) Evidence of defective construction of sidewalk.  (2) Party eliciting opinions on cross examination cannot object thereto.  (3, 4) Charter construed: Existence of defect for certain time, how proved:  Notice:  Evidence.*

1. Upon the evidence in this case (for which see the opinion), it was proper to submit to the jury the question whether or not a certain sidewalk was defectively constructed.
2. Where the opinions of witnesses on behalf of the plaintiff that a sidewalk was defective were elicited on their cross examination by the defendant, the latter cannot object to the competency of such testimony.
3. The charter of a city provides that it "shall not be liable to or for any damages arising or growing out of any sidewalks . . . in said city, being in a defective or dangerous condition, or out of repair, unless it be shown that previous to the happening of the same one of the aldermen of the ward in which the same is located had knowledge thereof, and no knowledge of such condition of the same shall be presumed, unless the defect out of which the same occurred, existed three weeks before such damages occurred." *Held:*

    (1) The fact that the defect which caused an injury had existed for three weeks before the accident need not be proved by positive evidence that the particular plank which caused the injury was loose or decayed so as to be dangerous for that period of time, but may be inferred, like any other fact, from all the evidence upon the subject.

    (2) If there was no actual knowledge of the defect on the part of an alderman of the ward, it is necessary in order to establish a liability on the part of the city to prove that the defect had in fact existed for three weeks before the injury, and also, such facts as would charge the proper city officers with notice of the defect before the accident happened.
4. The evidence in this case tended to prove all the facts necessary to establish a liability on the part of the city for the injury complained of.

APPEAL from the Circuit Court for *Winnebago* County.

The case is stated in the opinion.

*Charles Barber*, for the appellant.

For the respondent there was a brief by *Jackson & Thompson*, and oral argument by *Mr. Jackson.*

· TAYLOR, J. The plaintiff brought an action against the defendant city to recover damages for an alleged injury sustained by her, occasioned by falling upon a sidewalk in one of the streets of said city, and she alleges that her fall was caused by a defect in such walk. The evidence on the trial tended to show that the plaintiff and another lady were walking along the sidewalk at the place where the accident happened; that one of the planks of the walk was loose, and it either broke or slipped out of its place so as to throw the plaintiff down and injure her. How it was done does not very clearly appear from the evidence. The plaintiff gave evidence tending to show that the sidewalk was constructed in the first place in 1873; that it was constructed upon two stringers, and extended on one side six inches and on the other eight inches beyond the stringers, which had been nailed with four twenty-penny nails in each plank, two at each end. There was also proof tending to show that the sidewalk in the immediate vicinity of the place where the accident happened was out of repair, planks had become rotten and loose, and had been in that condition for some months before. There was also proof that the particular plank which caused the injury had been loose for ten days or more before the accident.

The plaintiff obtained a verdict, and the city appeals, and assigns as reasons for reversing the judgment: "*First*, it was error to submit to the jury the question whether or not the sidewalk was originally defectively constructed; *second*, it was error not to grant the motion for a nonsuit; *third*, it was error to admit the testimony of witnesses giving their opinions that the sidewalk was defectively constructed;

*fourth*, it was error to submit to the jury the question whether or not the defect had existed three weeks."

There can be no doubt but that the city would be liable for an injury resulting from a defective construction of the sidewalk, and we do not understand that the learned counsel for the city controverts that position; but he insists that there was no evidence given on the trial which would justify the jury in finding there was any such defect, and for that reason it was error to submit that question to them.

We think there was evidence given upon the trial from which the jury might have found that the walk was defectively constructed. Upon that question it was admitted by the defendant that the sidewalk was constructed as follows: " That there were two stringers; that the planks projected six inches on the west side, and eight inches on the east side; that they were nailed to the two stringers with two twenty-penny spikes in each stringer, and that from the bottom of the projecting planks to the ground was seven inches." It was shown that in 1875 the aldermen of the ward ordered this sidewalk to be reconstructed and to be built five feet four inches in width, of sound plank two inches thick, laid crosswise on three courses of stringers four inches square; the timber to be sound, and the planks to be securely spiked to each of said stringers with at least six thirty-penny nails in each plank. The evidence tends to show that this order was not executed until after the accident happened. A witness testified that he had built sidewalks in the city; that a sidewalk with only two stringers will not last as long and is not as good as one with three stringers under it; it will break in the middle quicker; that where there are three or four stringers in it, if it is nailed it will stay there. He also testified that the aldermen " directed him to put three stringers under a sidewalk five feet and four inches wide." The witness Gary testified that he had seen a sidewalk constructed like the one in question, and that the planks became loose very soon after

it was built; and, in answer to a question on his cross examination by the counsel for the city, he said: "If a sidewalk were constructed with two stringers there would be danger that the planks would get loose, perhaps in less than a year; not all of them, but some of them." Upon this evidence we think the court was justified in submitting the question of defective construction to the jury. The evidence tended at least to show that it was unusual to construct a sidewalk of the kind in question, and that when so constructed it would very soon get out of repair so as to endanger travel over it; and it was for the jury to say whether such a sidewalk was or was not defective in its construction. There was at least some evidence tending to show that it was a defective and dangerous method of construction.

It is alleged that it was error to admit the testimony of witnesses giving their opinions that the sidewalk was defective. In our examination of the record we are unable to discover that any such testimony was admitted, except such as was elicited by the cross examination of the plaintiff's witnesses by the defendant. Having called out the testimony by its own examination, it cannot now object to its competency.

It is also claimed that it was error to submit to the jury the question, whether or not the defect had existed three weeks. The pertinency of this objection is found in the following provision of the defendant's charter: "The city shall not be liable to or for any damages arising or growing out of any sidewalks, streets, drains, sewers, gutters, ditches, or bridges in said city, being in a defective or dangerous condition, or out of repair, unless it be shown that previous to the happening of the same one of the aldermen of the ward in which the same is located had knowledge thereof; and no knowledge of such condition of the same shall be presumed, unless the defect out of which the same occurred, existed three weeks before such damages occurred: provided, that nothing herein contained shall be so construed as to

mean that knowledge shall be presumed because such three weeks had elapsed."

It is said there was no proof of any actual notice of the defect in the sidewalk given to the aldermen of the ward, or either of them, before the accident. If this be true, then, under the provisions above quoted, it became necessary for plaintiff, to entitle herself to recover for an injury occasioned by a defect in the sidewalk arising after its construction, and not as the result of its original defective construction, to show that the defect had existed for at least three weeks before she was injured. If, under this provision, it is necessary to prove that the particular defect which caused the injury had existed for three weeks before the accident, by positive evidence that the particular plank which caused the injury was loose or decayed, so as to be dangerous for more than three weeks before the injury, there would be great force in this objection made by the learned counsel for the appellant. It would be difficult to find any such positive proof in the testimony. But we are of the opinion that positive evidence is not required in this case, any more than it is required to prove any other fact. The existence of the particular defect which caused the injury may be inferred from the whole evidence in the case. The object of the statute is to protect the city from liability for injuries which may occur without the fault of the officers of the city, and so it provides that there shall be no presumption of negligence of the officers in not repairing a defective sidewalk or street, where such defect has not existed for at least three weeks, unless they have knowledge of such defect. The statute also provides that the fact that the defect had existed for three weeks shall not raise a presumption that the aldermen had knowledge of the defect. Under this section it is necessary for the plaintiff, (in the absence of proof of knowledge of the defect by an alderman of the ward), to show first that the defect had in fact existed for three weeks

or more before the accident, and in addition such other facts as would charge the aldermen or other proper authorities of the city with notice of such defect. The fact that the defect had existed for three weeks has no more force now in charging the officers with notice than it had before this law was enacted. But there is this advantage to the city, that unless one or more of the aldermen had in fact knowledge of the defect, and the evidence fails to show that the defect had existed for three weeks, no proof of a state of facts which would ordinarily charge them with notice of the defect in less than three weeks after its first existence would, under the law, be effective for that purpose. Under the law the plaintiff, if she did not rely upon previous knowledge of the defect by the aldermen of the ward, must show that the defect in the walk had existed for three weeks, and she must also show such a state of facts as will charge the proper city officers with notice of the defect before the accident happened. This view of the law was fully comprehended by the learned circuit judge who tried the case, and his instructions to the jury were full and clear upon that subject. No question is made by the learned counsel for the appellant that there was not evidence enough in the case to charge the proper city officers with notice of the defect in the sidewalk before the accident happened, but it is insisted that the evidence does not show that the aldermen of the proper ward had actual knowledge of its existence, nor that it had in fact existed for more than three weeks. Upon this question we cannot agree with the learned counsel. We think the evidence on the part of the plaintiff tends to show at least that the defect was of long standing.

The evidence tending to show a general decay and dilapidation of the walk, in the immediate vicinity of the place of the accident, the fact that it was so constructed originally that the planks were likely to become loosened in a much shorter time than had elapsed between the date of its con-

struction and the date of the accident, and the fact that the aldermen of the ward had directed its reconstruction several years before, which order had not been carried into effect, were all matters which the jury might properly consider in determining whether the defect had existed for more than three weeks before the injury occurred. The question was not whether the defect was such as to have been apparent to the proper officers of the city for three weeks before the accident happened, but whether the defect in fact existed. If it existed in fact, and had become apparent to persons passing along the street for but five or ten days before the accident, still the city might have been held liable for the injury. If the plank in question had in fact been loose or decayed for more than three weeks before the accident happened, so as to render it dangerous to persons traveling along the walk, the city would be liable for the injury without proof of actual knowledge of the defect by the aldermen, if the whole evidence in the case was such as to charge the proper officers with notice of such defect before the accident happened. Both these questions were submitted to the jury by proper instructions, and there was, we think, evidence in the case which justified the jury in finding a verdict in favor of the plaintiff on both these points.

*By the Court.*— The judgment of the circuit court is affirmed.