Nicholas McCloskey *vs.* Charles P. Moies, Town Treasurer of the Town of Lincoln.

Pub. Stat. R. I. cap. 65, § 15, which provides that no town shall be liable for injuries caused by snow or ice obstructing highways unless notice in writing of the existence of the particular obstruction shall have been given to the surveyor of highways, refers to obstructions in a highway caused *solely* by the presence of snow or ice.

A town is liable for an injury sustained on a highway where the injury results from a combination of two causes, both in their nature proximate, one a defect in a highway and the other a natural cause or a pure accident for which neither party is responsible, provided the injury would not have been sustained but for the defect in the highway.

In an action against a town for injuries sustained by reason of a defect in a highway, it appeared in evidence that the plaintiff, while crossing a bridge, slipped and fell on some ice which had formed in a hollow on the sidewalk caused by the sagging of the bridge and was injured, and that the water which collected in the hollow could not flow off because of a plank nailed on to the side of the bridge. The declaration alleged that the highway was defective because of the sagging of the bridge and the consequent hollow in the sidewalk, in which the water had collected and become frozen. The plaintiff was non-suited.

*Held*, that the evidence tended to show that there was a defect in the highway itself which was one of the proximate causes of the injury, but for the existence of which the injury would not have been sustained.

*Held*, further, that it was error to non-suit the plaintiff.

Plaintiff's petition for a new trial.

*November* 8, 1895.  Tillinghast, J.  This is an action on the case for negligence.  The declaration sets out that the plaintiff, while crossing that part of the bridge at Valley Falls on Broad Street which is situated in the town of Lincoln, being in the exercise of due care, slipped and fell on some ice which had formed on the sidewalk of said bridge, and was injured.  It also alleges that said bridge was out of repair in that it had sagged at the place where the accident happened, causing a depression or hollow in the sidewalk thereof, by reason of which the water had collected there and, becoming frozen, rendered said sidewalk slippery and dangerous to travelers, and that it had been in said defective condition and out of repair for a long time.

At the trial of the case in the Common Pleas Division, after the plaintiff had submitted his evidence, the court, on motion of the defendant's attorney, non-suited him, on the

ground that he had not first given the notice required by Pub. Stat. R. I. cap. 65, § 15,[1] and that he had not shown that the accident would have occurred if the ice had not been there.    Whereupon the plaintiff duly excepted ; and the case is now before us on his petition for a new trial, on the ground of alleged error on the part of the court in entering the nonsuit.

The evidence offered shows that on the 17th of December, 1891, at about six o'clock in the evening, the plaintiff, while crossing said bridge on his way home from his work, slipped on some ice which had formed in a depression or hollow on the sidewalk, caused by the sagging of the bridge, and was seriously injured ; that it was dark at the time, and that the plaintiff had no knowledge of the existence of the ice until he slipped and fell thereon.    It also shows that the floor of the sidewalk where the accident happened was water-tight, and that the water which collected there could not flow off at the side of the bridge because of a plank which was nailed on to it, and which was two inches above the center of the depression or sag ; that the ice covered a space variously estimated by the witnesses at from a yard square to a strip nine feet in length and fifteen inches in width, and from half an inch to an inch and a half in thickness ; and that the water had collected from a recent fall of rain, and could not escape until it rose to a sufficient height to flow over the board or plank at the side.

In this state of proof, the plaintiff's counsel contends that the case should have been submitted to the jury upon the

---

[1] Sec. 15.    The several towns shall provide by law, in such manner and under such penalties as they may deem expedient, for removing snow from the public highways, so as to render the same passable with teams, sleds and sleighs ; but nothing in this chapter contained shall be so construed as to render any town or city liable for any injury to person or property caused by snow or ice obstruct. ing any or any part of the highways therein, unless notice of the existence of the particular obstruction shall have been given to the surveyor of highways, in writing, for at least twenty-four hours before the injury was caused, and such town or surveyor shall not thereupon within said time have commenced the removal of such obstruction, or caused any sidewalk which may have been obstructed by ice to be rendered passable, by spreading ashes or other like substances thereon.

question as to whether said bridge was defective and out of repair by reason of said depression or sag, and also whether the same was not one of the proximate causes of the accident. And in this connection he argues that the action of the elements in the formation of the ice was a natural and probable result of the condition in which the bridge was allowed to remain by the town, and that the injury to the plaintiff would not have resulted but for said defect. The defendant's counsel, on the other hand, contends that, under the statute above cited, the liability of towns for injury to persons, caused by ice obstructing a highway, attaches only after notice of the particular obstruction has been given to the surveyor of highways in writing, and twenty-four hours have elapsed between the time of giving such notice and the time of the injury.

Pub. Stat. R. I. cap. 65, § 1, imposes upon towns the duty of keeping their highways in repair and amended so that the same may be safe and convenient for travelers at all seasons of the year. By the term "safe and convenient" is not meant, however, that they shall be absolutely safe or free from defects, but *reasonably* so. That is to say : When the traveled way is without obstruction or structural defects which endanger the safety of travelers and is sufficiently level and smooth to enable persons, by the exercise of ordinary care, to travel with safety and convenience, it *is* "safe and convenient" within the meaning of said statute, and the town has discharged its full duty in the premises. See Dillon, Munic. Corp. 4th ed. § 1003. The *mere* fact that a highway is slippery from the presence of ice or snow thereon, so that a person may be liable to slip and fall upon it while in the exercise of ordinary care, does not constitute a defect under the statute so as to render the town liable for an injury sustained, unless notice shall have been given as aforesaid. But, ordinarily, whether or not a given highway is defective, so as to enable a party injured thereon to maintain an action against the town, is a question of fact for the jury. See cases cited in 2 Dillon, Munic. Corp. 4th ed. § 1003, note 2. And in determining this question, the location and use of the highway, the season of the year, the place of

the accident, the time of day or night, the manner and nature of the accident, and all the other circumstances which throw light upon the happening thereof, should be taken into consideration.

We do not think the statute above referred to, relating to notice of an obstruction caused by snow or ice, is applicable to the case at bar, that statute evidently having reference to obstructions in the highway caused *solely* by the presence of snow and ice. Here, it is alleged, and there is evidence tending to show that the highway itself was defective ; that the defect was one of the proximate causes of the accident, and that the accident would not have happened but for the existence of such defect. The case, therefore, falls within the decision of this court in *Hampson* v. *Taylor*, 15 R. I. 83, in which it was held that where the injury results from a combination of two causes, both in their nature proximate, one a defect in the highway and the other a natural cause or a pure accident, for which neither party is responsible, the town is liable, provided the injury would not have been sustained but for the defect in the highway.

We are therefore of the opinion that the court erred in granting the non-suit, and that the plaintiff is entitled to a new trial.

Petition for new trial granted.

*Hugh J. Carroll*, for plaintiff.

*Benjamin M. Bosworth*, for defendant.