O'FLYNN, RESPONDENT, *v.* CITY OF BUTTE, APPELLANT.

(No. 2,483.)

(Submitted February 4, 1908.  Decided February 10, 1908.)

[93 Pac. 643.]

*Cities and Towns—Personal Injuries—Defective Sidewalks—Notice of Claim—Evidence—Instructions—Appeal.*

Cities and Towns—Personal Injuries—Defective Sidewalks—Notice of Claim.

1. Where, in an action against a city for personal injuries, a notice of claim for damages, marked "filed" by the city clerk and bearing an indorsement that the claim had been referred to the judiciary committee of the council and disallowed, was received in evidence without objection, the requirements of Laws of 1903, page 166, relative to giving notice of such a claim, were shown to have been sufficiently complied with.

Same—Defects in Sidewalk—Latent—Patent.

2. The testimony, in an action against a city for damages for personal injuries sustained on account of a defective sidewalk, on the question whether a board in the walk was broken and the defect in it discernible to the eye or not, having been conflicting, and the jury having returned a verdict in favor of the plaintiff, it will be held that the defect was not latent, but could be seen.

Same—Defects in Walk—Imputed Knowledge.

3. *Held,* in the above action, where actual notice of the defective sidewalk on the part of the city had not been shown, that the court (under the evidence examined) properly submitted to the jury the question whether knowledge of the faulty condition of the walk could be imputed to the defendant.

Same—Evidence—Admissibility.

4. The daughter of plaintiff in the action above told a girl friend where her mother fell. The friend, as a witness in the cause, deposed to the fact that she fell at the same place, identifying it. There was also testimony that no broken boards other than the one alleged to have been the cause of the injury, existed in the immediate vicinity. *Held,* that the admission in evidence of the daughter's statement that she told her friend where her mother claimed to have been hurt was not prejudicial error.

Same—Instructions—Presumptions.

5. An instruction that a person in the exercise of ordinary care, and without knowledge of any defects in, or the dangerous condition of, a sidewalk, might rely on the presumption that the sidewalk was in an ordinarily safe condition for travel, was not objectionable for failure to charge that, if the traveler had previous knowledge of the dangerous condition of the walk, the presumption did not apply. The rule laid down was correct, and if defendant relied upon plaintiff's knowledge as nullifying the effect of the presumption, it should have asked an instruction covering the point.

Same—Defective Walks—Notice—Instructions.

6. An instruction charging the jury that a city must have had either actual or constructive notice of the defective condition of a sidewalk for a sufficient length of time prior to the injury claimed to have been sustained on account thereof, so as to enable it to repair the walk, was not objectionable as outside of the issues, where the complaint averred that the defendant carelessly and negligently permitted the walk to be and remain in a dangerous and unsafe condition for a long time prior to the date of the accident, and that this condition was "for a long time prior to the injury known to the defendant," thus. sufficiently negativing the idea that the defect was not known to defendant for a sufficient length of time to enable it to repair it.

Same—Evidence—Sufficiency.

7. Where, in an action for injuries caused by a defective sidewalk, a witness testified that she had fallen on the walk at the same place a week before, and that two days after plaintiff was injured the loose plank which constituted the defect was in the same condition as when witness fell, the proof was sufficient to go to the jury on the question whether the condition of the walk remained the same from the time the witness fell until plaintiff was injured.

Appeal—Evidence—Objections not Raised in District Court.

8. An objection to the introduction of testimony not urged in the district court will not be reviewed on appeal.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by Ellen O'Flynn against the city of Butte. Judgment for plaintiff, and defendant appeals from it, and an order denying a new trial. Affirmed.

*Mr. Edwin S. Booth,* for Appellant.

A city will not be imputed with knowledge of a defect in a sidewalk of such a nature as to have escaped the notice of a person injured thereby who had used it continually for many months. (*Byrne* v. *Philadelphia,* 211 Pa. St. 598, 61 Atl. 80.) A municipal corporation will not be liable for injuries due to latent defects in its streets and sidewalks, which could not be discovered by ordinary care and diligence. (*City of Columbus* v. *Anglin,* 120 Ga. 785, 48 S. E. 318; Elliott on Roads and Streets, 2d ed., par. 862, and cases cited.) A public corporation is under no greater obligation to exercise greater care in discovering latent defects than a private person under the same circumstances and condition. (3 Abbott on Municipal Corporations, p. 2342.)

Upon the appellant's contention as to the admissibility in evidence of the testimony of Mary O'Flynn, wherein she was allowed to state what she had told the witness, Christie Sullivan, as to the place where the injury occurred, which was followed by the testimony of Christie Sullivan, over the objection of defendant, as to a previous accident having happened to her at the same place, the objection is based upon the ground that the testimony which had for its purpose the identifying of the place where the former accident occurred with the place where the plaintiff was injured, was hearsay and clearly incompetent as not being a permissible identification of the place. (*McGrill* v. *Kalamazoo*, 94 Mich. 52, 53 N. W. 955.)

If the evidence of Christie Sullivan was admitted on the theory of notice, it should have been followed by proof showing that the condition remained the same from the time that she was injured until the date of the injury to plaintiff. (*Hunt* v. *Dubuque*, 96 Iowa, 314, 65 N. W. 319; *Bailey* v. *Centerville*, 108 Iowa, 20, 78 N. W. 831.) Ordinarily, evidence of previous similar accidents at the same place is not admissible to prove negligence at the time in question in a particular case. (Elliott on Evidence, par. 2506; *Potter* v. *Cove*, 123 Iowa, 98, 98 N. W. 569; *Matthews* v. *Cedar Rapids*, 80 Iowa, 459, 20 Am. St. Rep. 436, and note, 45 N. W. 894; *Richards* v. *Oshkosh*, 81 Wis. 226, 51 N. W. 256, 257; *Goble* v. *Kansas City*, 148 Mo. 470, 50 S. W. 84; *Davis* v. *Oregon R. Co.*, 8 Or. 172; *Grand Rapids R. Co.* v. *Huntley*, 38 Mich. 537, 31 Am. Rep. 321.)

*Mr. John J. McHatton,* for Respondent.

A person traveling upon a sidewalk of a town or city, which is in constant use by the public, has a right, when using the same with reasonable diligence and care, to presume, and to act upon the presumption that it is reasonably safe for ordinary travel throughout its entire width, and free from all dangerous obstructions or other defects. (*Ashley* v. *City of Aberdeen* (Wash.), 90 Pac. 210; *Oklahoma City* v. *Reed*, 17 Okla. 518, 87 Pac. 646; *Hammock* v. *City of Tacoma* (Wash.), 87 Pac. 924;

*Town of Norman* v. *Teel,* 12 Okla. 69, 69 Pac. 791; *Gallamore* v. *City of Olympia,* 34 Wash. 379, 75 Pac. 978.) Evidence that one with whose knowledge the city was not chargeable observed a defect before the accident is admissible to show its discoverable character. (*City of Ottawa* v. *Hayne,* 214 Ill. 45, 73 N. E. 385; *Leonard* v. *City of Butte,* 25 Mont. 410, 65 Pac. 425; *Bell* v. *City of Spokane,* 30 Wash. 508, 71 Pac. 31; *Smith* v. *City of Seattle,* 33 Wash. 481, 74 Pac. 674; *Johnson* v. *Park City,* 27 Utah, 420, 76 Pac. 216; *Brown* v. *City of Blaine,* 41 Wash. 287, 83 Pac. 310; *Harris* v. *Town of Mt. Vernon,* 41 Wash. 444, 83 Pac. 1023; *Austin* v. *City of Bellingham* (Wash.), 88 Pac. 834; *Piper* v. *City of Spokane,* 22 Wash. 147, 60 Pac. 138.) It is permissible for the purpose of identification, to call a witness and have him testify to things which, under other circumstances, might be considered hearsay. (*State* v. *Dunn,* 109 Iowa, 750, 80 N. W. 1068; *Stewart* v. *Anderson,* 111 Iowa, 329, 82 N. W. 770; *Commonwealth* v. *Sullivan,* 123 Mass. 221; *People* v. *Meade,* 50 Mich. 229, 15 N. W. 95; *Cole* v. *Lake Shore & M. & S. Ry. Co.,* 105 Mich. 549, 63 N. W. 647; *People* v. *Zimmerman,* 65 Cal. 307, 4 Pac. 20.)

Generally, where there are apparent and obvious defects in the street so near and closely related to a condition therein apparently safe, but in fact defective, that an investigation of the former would lead to a knowledge of the latter, the city may thereby be charged with notice of the matter. (*Higley* v. *Gilmer,* 3 Mont. 90, 35 Am. Rep. 450; *Brown* v. *Swanton,* 69 Vt. 53, 37 Atl. 280; *Grattan* v. *Williamston,* 116 Mich. 462, 74 N. W. 668; *Huff* v. *Marshall,* 97 Mo. App. 542, 71 S. W. 477; *Beaver* v. *Eagle Grove,* 116 Iowa, 485, 89 N. W. 1100; *Colorado City* v. *Smith,* 17 Colo. App. 172, 67 Pac. 909; *Aurora* v. *Hillman,* 90 Ill. 61; *Hammock* v. *City of Tacoma* (Wash.), 87 Pac. 924; *Town of Norman* v. *Teel,* 12 Okla. 69, 69 Pac. 791; *Durham* v. *City of Spokane,* 27 Wash. 615, 68 Pac. 383; *Shearer* v. *Town of Buckley,* 31 Wash. 370, 72 Pac. 76; *Smith* v. *City of Seattle,* 33 Wash. 481, 74 Pac. 674.)

A city is chargeable with knowledge of the natural tendency of timber to rot and decay by lapse of time and exposure to weather, or to become worn out and dangerous by natural decay and long usage. (*Sherwood* v. *District of Colorado,* 3 Mackey, 276, 51 Am. Rep. 776; *Town of Wheaton* v. *Hadley,* 131 Ill. 640, 23 N. E. 422; *City of Indianapolis* v. *Scott,* 72 Ind. 196; *Furnell* v. *City of St. Paul,* 20 Minn. 117; *Peterson* v. *Vil. of Cokato,* 84 Minn. 205, 87 N. W. 615; *Fritz* v. *City of Watertown* (S. Dak.), 111 N. W. 630.)

In the absence of statute, there is no rule of law as to the length of time during which the defect must have existed in order to create a presumption that the city had notice of its existence. (*Kelly* v. *City of Butte,* 34 Mont. 530, 87 Pac. 968; *District of Colorado* v. *Payne,* 13 App. (D. C.) 500; *Evansville* v. *Senhenn,* 26 Ind. App. 362, 59 N. E. 863; *Graham* v. *Oxford,* 105 Iowa, 705, 75 N. W. 473; *Burns* v. *Emporia,* 63 Kan. 285, 65 Pac. 260; *Decatur* v. *Besten,* 169 Ill. 340, 48 N. E. 186; *Hodges* v. *Waterloo,* 109 Iowa, 444, 80 N. W. 523; *Laurie* v. *Ballard,* 25 Wash. 127, 64 Pac. 906; *Rhyner* v. *Menasha,* 107 Wis. 201, 83 N. W. 303; *Cady* v. *City of Seattle,* 42 Wash. 402, 85 Pac. 19; *Town of Norman* v. *Teel,* 12 Okla. 69, 69 Pac. 791.)

Mr. JUSTICE SMITH delivered the opinion of the court.

Plaintiff brought this action to recover damages for injuries alleged to have been received by her through stepping upon a defective plank in a sidewalk in the defendant city. She had a verdict in the district court of Silver Bow county for the sum of $5,000. Judgment was entered in her favor for that amount, and from such judgment and an order denying a new trial, the city appeals.

The first contention of the appellant is that no notice to the city council was given of the claim of plaintiff, as provided by section 1 of an Act relating to actions against cities and towns for damages to persons injured on streets and other public grounds. (Laws 1903, p. 166.) That Act provides that "Before any city or town shall be liable for damages, for or

on account of any injury or loss alleged to have been received or suffered by reason of any defect in any bridge, street, road, sidewalk, culvert, park, public ground, ferry-boat or public works of any kind, * * * the person so alleged to be injured * * * shall give to the city or town council, or other governing body of such city or town, within sixty days after the alleged injury, notice thereof; said notice to contain the time when and the place where said injury is alleged to have occurred." No discussion of this question is found in the brief of counsel for the appellant, and the court would, for that reason, be justified in passing it. We find, however, from the record, that at the trial, written notice of the injury and a claim for damages containing the time when and the place where the injury was alleged to have occurred was offered and received in evidence, without objection. The claim is indorsed: "Marked No. 1,200, claim of Ellen O'Flynn for injuries, filed on the second day of Sept. 1904. P. H. Sibley, City Clerk." Also: "Disposition. Sept. 7, 1904. Read and referred to judiciary committee. Oct. 19, 1904, disallowed." The reference to the judiciary committee seems to show that the claim was presented to the city council, and that is evidently the fact; otherwise the city attorney would have objected to the admission of the paper in evidence.

The plaintiff testified that she was passing along the sidewalk in question, accompanied by her son. She said: "We came to 521 North Wyoming street and without any cause I kicked my foot against a board which stuck a little bit out, and in the meantime my son stepped on the end and the board sprang up, and in the meantime my two feet got tangled in the hole." It is contended by the appellant that the evidence is insufficient to show that the alleged defective condition of the sidewalk "had existed for such a length of time that the defendant, through its officers, had actual notice thereof, or that by the exercise of any, except the most extraordinary, care, could have had notice or knowledge thereof. From all of the evidence it appears that the defect, if any existed, was latent, else it would

have been discernible to plaintiff herself who had used the sidewalk at least once a week for many months prior to the time.''

It is true that there was testimony on the part of the defendant to the effect that the defective condition of the sidewalk was not discernible to the eye, that the defect consisted in the fact that one or more boards were not nailed down to the stringers, and that there was no broken board. The plaintiff's witnesses, however, testified that one board was broken. Plaintiff herself said at the trial: ''The sidewalk was broke about two feet in off the street, and this long board which was loose, without anything in it, projected over that hole. There was nothing to steady that board, and my son stepped on that and it popped up.'' As the jury evidently believed the testimony of the plaintiff and her witnesses on this subject, having returned a verdict in her favor, we must conclude that the defective condition of the sidewalk was not latent, but that it could be seen.

No actual notice of the condition of the walk was brought home to the city, so that it becomes necessary to inquire whether knowledge of the defect can be imputed to the defendant; and in this connection we have this testimony of the plaintiff: ''I went over this sidewalk every week. As to whether I was familiar with this sidewalk prior to the time I fell, I used to pass there, and it was always in pretty bad shape. I noticed that. I did not notice the particular condition of the walk at the place I fell. I was not referring to about the same place I fell. I was referring to all along the sidewalk. There were several breaks further up and down.''

Mrs. Richards testified: ''The board was broken like in the center, kind of split and raised up at both sides. * * * I picked up the board, and then I laid it down  * * *  because I thought somebody else would fall on it. When the board was laid against the fence there was kind of a hole under where the board had been. There were two parts of the broken board, and I think one was a little longer than the other. The outside portion of the board next the street was a little higher than the one next the fence. When I picked up the portion next

to the fence the portion next to the street was still lying there, kind of tilted up from the outside of the walk."

Miss Christie Sullivan testified: "There was a hole in the sidewalk. I fell down there myself a week before. The board was broken in two, and that is what caused the hole in the sidewalk." Margaret Sullivan, a sister of Christie, testified that she was with her sister when she fell, and that the board was broken.

The plaintiff offered in evidence sections 5 and 19 of Ordinance No. 120 of the defendant city, reading as follows:

"Sec. 5. It shall be the duty of the street commissioner to inspect all sidewalks, and keep the same in repair and in a safe and passable condition and to inspect daily the reports of the police officers for information relative to their condition. Whenever a sidewalk needs renewal he shall report the same to the city council, giving the name of the street, the lot and block number or other description and the name of the owner, if known."

"Sec. 19. It shall be the duty of the city marshal and all policemen to report to the street commissioner or note upon their daily reports all defects in sidewalks, and in case of accident they shall report the particulars to their superior officer, together with the names of any witnesses, if known to them." (See *Leonard* v. *City of Butte*, 25 Mont. 410-417, 65 Pac. 425.)

In the light of this evidence we think the question whether this patent defect had existed for such a length of time as to charge the defendant city with notice thereof should have been, as it was, submitted to the jury.

But it is contended by the counsel for appellant that the testimony of the witness, Christie Sullivan, was improperly admitted, for the reason that the place where she fell was not identified as being the same place where Mrs. O'Flynn was injured. Plaintiff testified that she told her daughter Mary where she fell, and that the place was in front of the premises No. 521 North Wyoming street, occupied by Charles Ferns. Mary testified that she afterward visited the place and told Christie Sullivan

where the mother claimed to have been hurt. She said: "It was 521 North Wyoming street that mamma was hurt, and I told her [Christie] the place and how it happened." Christie Sullivan then testified: "She [Mary] told me where her mother claimed to be injured. I know 521 North Wyoming street, Ferns' place." After describing the place where she fell she continued: "I saw this plank a couple of days after Mrs. O'Flynn fell, and the condition was just about the same. It had not changed.  *  *  *  There might have been other broken places, but I did not notice them." Patrick O'Flynn, the husband of plaintiff, testified that he examined the place where his wife said she was injured, that he examined the broken board, and that there was no other board broken in front of No. 521 or in the immediate vicinity of that sidewalk. It appears, therefore, that Christie Sullivan had personal knowledge of the place where she fell. She identified it as in front of No. 521 North Wyoming street, Chas. Ferns' place. This being the same place where plaintiff was injured, we think there was no prejudicial error in permitting Mary to state that she told Christie where Mrs. O'Flynn claimed to have been injured, especially in view of the fact that there appears to have been no other broken board in the immediate vicinity.

Appellant objects to instruction No. 5 which reads as follows: "You are instructed that a person, in the exercise of ordinary care, and without knowledge of any defects in or dangerous condition of, the sidewalk, is entitled to rely upon the presumption that the sidewalk is in an ordinarily safe condition for travel, and that they are not exposing themselves to danger while walking thereon and thereover." It is said that the court should have told the jury in this connection that the presumption referred to is a rebuttable one, "and in the event of there being evidence showing upon the part of the traveler a previous knowledge of the dangerous condition of the sidewalk then the presumption does not apply." But the answer to this criticism is that the rule of law is not changed in any event by knowledge on plaintiff's part. The rule remains the same whether applica-

ble to the particular case or not. In this case it may have been a question whether plaintiff had knowledge of the defect; if so, that was for the jury to determine, under proper instructions, and if defendant's counsel relied upon that knowledge on her part as nullifying the effect of the presumption, an instruction covering the point should have been requested. No other complaint is made of this instruction.

It is said of instructions Nos. 2, 8, 9, and 12 that they do not follow the issues in the case, by reason of the fact that the complaint fails to allege that the defendant had notice or knowledge of the defect in the sidewalk in time sufficient to have repaired the same. The allegations of the complaint are that the defendant carelessly and negligently permitted the sidewalk to be and remain in a dangerous and unsafe condition "for a long time" prior to the date of the injury, and that this condition of the sidewalk was, at the time of the injury and "for a long time prior thereto, known to the defendant." The allegations of carelessness and negligence negative the idea that the defect was not known to the defendant for a sufficient length of time prior to the injury to enable repairs to be made, and in each of the instructions last referred to, the court covered the point by telling the jury that the defendant must have had notice, actual or constructive, of the defective condition for a sufficient length of time prior to the injury to enable it, in the exercise of reasonable diligence, to repair or remedy the same.

Again, it is said that, if the evidence of Christie Sullivan was admitted on the theory of constructive notice to defendant by reason of the length of time the walk was out of repair—and we understand, from reading the record, that that was the theory of the plaintiff in introducing it—then that testimony should have been followed by proof that the condition of the walk remained the same from the time that she fell until the date of the injury to the plaintiff. Assuming that defendant's counsel are correct in their deduction, the contention is disposed of by the quotation heretofore made from the testimony of Christie

Sullivan. She testified that two days after Mrs. O'Flynn was injured the plank was in the same condition as when the witness fell. We think this testimony was sufficient to warrant the court in submitting the question to the jury.

We have said that it is apparent to us from the record that the testimony relating to the accident to Christie Sullivan was admitted by the court as bearing upon the length of time the defect had existed in the sidewalk, and not as proof of the dangerous character of the walk. Defendant seems to argue, although not very strenuously—perhaps it is merely a suggestion—that the testimony was not competent for any purpose. But no such objection was urged at the trial. The witness was asked this question: "Now, do you know of anything being wrong with the sidewalk at that particular place up there at any time prior to the time Mary O'Flynn told you about her mother being hurt?" "Mr. Forestell: Objected to for the reason that the location and time are not fixed, and for that reason it is incompetent, irrelevant, and immaterial." After the witness had answered that she fell there herself a week before, because of a hole in the sidewalk, the city attorney said: "Objected to as incompetent, irrelevant, and immaterial, and move that the answer be stricken out for the reason that it is too remote." It appears, therefore, that the objection that this testimony was incompetent for any purpose, either as bearing upon notice to the city or the dangerous character of the sidewalk, was never urged in the court below.

We find no reversible error in the case, and the judgment and order appealed from are therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.