PULLEN, RESPONDENT, *v.* CITY OF BUTTE, APPELLANT.

(No. 3,067.)

(Submitted February 7, 1912. Decided February 17, 1912.)

[121 Pac. 878.]

*Cities and Towns—Personal Injuries—Defective Sidewalks—Notice—Evidence—Admissibility—Variance—Excessive Verdict.*

Cities and Towns—Personal Injuries—Sidewalks—Evidence.

1. In an action against a city for injuries claimed to have resulted from a defective sidewalk, it is not error to permit a witness to testify that a few days after the accident the sidewalk was repaired, when such testimony is admitted only to show the condition of the sidewalk at the time of the accident, and not to show negligence.

Same—Appeal and Error—Evidence—Harmless Error.

2. Where the answer of a witness to a question given over objection was that he did not know, the overruling of the objection is not reversible error.

Cities and Towns—Personal Injuries—Sidewalks—Evidence.

3. In an action against a city for injuries claimed to have been caused by a defective sidewalk tripping and throwing plaintiff, evidence that other persons had stumbled at that point was admissible, both as showing the dangerous character of the place, and as bearing on the question of notice.

Appeal and Error—Evidence—Harmless Error.

4. Where an objection to a question is sustained, but subsequently the witness answers a substantially similar question, the sustaining of the objection is not reversible error.

Cities and Towns—Evidence—Admissibility.

5. In an action against a city for injuries received from a defective sidewalk, an ordinance of the city defining the duties of the street commissioner, city marshal, and policemen is competent evidence as bearing on the question of notice.

Same—Defective Sidewalks—Question of Fact.

6. Whether a difference of from four to six inches in the height of the abutting ends of two pieces of sidewalk constitutes such a dangerous defect as to subject the city to liability is a question of fact.

Same—Notice of Injuries—Sufficiency.

7. Under Revised Codes, section 3289, requiring notice of personal injuries from defective sidewalks to be given by the person injured or by some one in his behalf, a notice signed "S., Attorney for P.," is sufficient, the acts of the attorney being presumed to be regular and by authority, especially where the objection to the signature was not made in the trial court.

Judicial Notice—Officers of Court.

8. The supreme court will take judicial notice that a certain person is an attorney and officer of that court in good standing.

Cities and Towns—Personal Injuries—Variance.

9. In an action for injuries from a defective sidewalk, evidence *held* not to show that plaintiff was injured by stepping into a hole, and hence not to constitute a variance from the allegations of the complaint that she was tripped and thrown down, causing the injuries.

Same—Judgment—Dismissal—Bar to New Action.
10.   In an action against a city a verdict was rendered for the defendant. No judgment having been entered on the verdict, plaintiff procured a judgment to be entered dismissing the action under Revised Codes, section 6714.   *Held,* that this was not a judgment on the merits, and did not bar another action for the same cause, and it was not necessary that the judgment should have dismissed the action without prejudice.

Same—Excessive Verdict.
11.   A woman, sixty-three years old, had her arm broken, and was hurt and bruised, by a fall on a defective sidewalk,   For eight or ten months and occasionally thereafter she was unable to use her hand, and there was evidence that the injury was permanent.   She had suffered, and at the time of the trial still occasionally suffered pain.   *Held,* that a judgment for $5,000 was excessive, and verdict scaled to $3,000.

*Appeal from District Court, Silver Bow County; John B. Mc-Clernan, Judge.*

ACTION by Henrietta Pullen against the City of Butte.   From a judgment for plaintiff and from an order denying a new trial, defendant appeals.   Reversed, unless plaintiff consent to reduced judgment.

*Messrs. H. Lowndes Maury, John A. Smith,* and *N. A. Rotering,* submitted a brief in behalf of Appellant; *Messrs. Maury* and *Rotering* argued the cause orally.

It was error to admit evidence showing that changes or repairs in the walk had been made after the accident.   (See 26 Cyc. 616; *Helling* v. *Schindler,* 145 Cal. 303, 78 Pac. 710; Wigmore on Evidence, sec. 283; Elliott on Roads and Streets, 3d ed., sec. 1160; *Morse* v. *Memphis etc. Ry. Co.,* 30 Minn. 465, 16 N. W. 358.)

Over objection the plaintiff was permitted to show that other persons had stumbled at or near the point where Mrs. Pullen is alleged to have received her injuries.   We believe that the issue formed by the objections last pointed out is still an open question in this state.   It is true that in the case of *Leonard* v. *City of Butte,* 25 Mont. 410, 65 Pac. 425, and *O'Flynn* v. *City of Butte,* 36 Mont. 493, 93 Pac. 643, evidence of this character was admitted, but the opinions in those cases did not show that any objection was raised to that kind of testimony; hence we

think it is still an open question. That such testimony is inadmissible, see 3 Elliott on Evidence, sec. 2506; *Goble* v. *City of Kansas City,* 148 Mo. 470, 50 S. W. 84; *Richards* v. *City of Oskosh,* 81 Wis. 226, 51 N. W. 256; *Potter* v. *Cave,* 123 Iowa, 98, 98 N. W. 569; *Matthews* v. *Cedar Rapids,* 80 Iowa, 459, 20 Am. St. Rep. 436, 45 N. W. 894; *Davis* v. *Oregon & Cal. Ry. Co.,* 8 Or. 172.

The court committed error in permitting the ordinance relating to the duties of certain officers to go into the evidence. Before the plaintiff could introduce such ordinance in evidence he should have specially plead the same. (*Rockford City R. Co.* v. *Matthews,* 50 Ill. App. 267; *Lake Erie Ry. Co.* v. *Mikesell,* 23 Ind. App. 395, 55 N. E. 488; *Jackson* v. *Castle,* 82 Me. 579, 20 Atl. 237; *Gardner* v. *Detroit St. Ry. Co.,* 99 Mich. 182, 58 N. W. 49; *Richter* v. *Harper,* 95 Mich. 221, 54 N. W. 768; *Nutter* v. *Chicago etc. Ry. Co.,* 22 Mo. App. 328.)

The admitted inequality of from four to six inches in the abutting ends of the cement and plank walks does not constitute such a defect in itself dangerous as would subject the city to liability. The city cannot be compelled to maintain its sidewalk in an absolutely smooth and level condition. (*Weisse* v. *Detroit,* 105 Mich. 484, 63 N. W. 423; *Yotter* v. *Detroit,* 107 Mich. 4, 64 N. W. 743; *Morgan* v. *Lewistown,* 91 Me. 566, 40 Atl. 545; *Raymond* v. *Lowell,* 6 Cush. 524, 53 Am. Dec. 57.) The plaintiff, having alleged that her injury was caused by walking against an upraise, could not be permitted to sustain such allegation by showing that she walked into a hole or opening. The proof did not support the complaint, and hence there was a failure of proof under *Flaherty* v. *Butte Elec. Ry. Co.,* 40 Mont. 454, 135 Am. St. Rep. 630, 107 Pac. 416; *Knuckey* v. *Butte Elec. Ry. Co.,* 41 Mont. 314, 109 Pac. 979; *Bracey* v. *Northwestern W. Imp. Co.,* 41 Mont. 338, 137 Am. St. Rep. 738, 109 Pac. 706. It is true, of course, in her reply the plaintiff sought to depart from the theory and allegations contained in the complaint. That, however, constituted a departure that will not be permitted. De-

fendant's motion for a directed verdict should have been granted. (31 Cyc. 262, and cases cited.)

The judgment-roll, coupled with the admissions in plaintiff's reply, sustain the plea of former adjudication, and therefore defendant's motion for an instructed verdict in its favor should have been granted. The judgment of dismissal in the former case is the ordinary one of dismissal entered upon the verdict for the defendant, and contains no special clause or reservation of right to sue in favor of the plaintiff. The judgment does not say that it was entered without prejudice to another action or without prejudice to plaintiff's right to bring another suit; hence it is a bar to a subsequent action based on the same cause. (*Roberts* v. *Moss*, 127 Ky. 657, 17 L. R. A., n. s., 280, 106 S. W. 297; *Perine* v. *Dunn*, 4 Johns. Ch. (N. Y.) 140; *Bostwick* v. *Abbot*, 40 Barb. (N. Y.) 331; *Bledsoe* v. *Erwin*, 33 La. Ann. 615; *Campbell* v. *Ayers*, 18 Iowa, 252; *Knowlton* v. *Hanbury*, 117 Ill. 471, 5 N. E. 581; *Tilley* v. *Bridges*, 105 Ill. 336.) "A judgment entered beyond the time limited by law is not void." (*Brown* v. *Porter*, 7 Wash. 327, 34 Pac. 1105.) Statutes requiring the entry of judgments are generally directory only. (23 Cyc. 839.)

*Mr. Lewis A. Smith*, for Respondent, submitted a brief, and argued the cause orally.

Evidence of subsequent changes, though it may be in the way of repairs, is admissible to show the actual conditions existing at the time of the injuries. (*Consolidated Gas etc. Co.* v. *State* (Md.), 72 Atl. 651; *Penn. Co.* v. *Witte*, 15 Ind. App. 583, 43 N. E. 319, 44 N. E. 377; *Stone* v. *Poland*, 81 Hun, 132, 30 N. Y. Supp. 748; *Patton* v. *Sanborn*, 133 Iowa, 650, 110 N. W. 1032; *Alberts* v. *Vernon*, 96 Mich. 549, 55 N. W. 1023; *Quinn* v. *New York etc. Ry.*, 56 Conn. 44, 7 Am. St. Rep. 284, 12 Atl. 97; *Texas & M. O. R.* v. *Anderson* (Tex. Civ. App.), 61 S. W. 424; *City* v. *Stafford*, 196 Ill. 288, 63 N. E. 624; *Christian* v. *Minneapolis*, 69 Minn. 530, 72 N. W. 815; *Young* v. *Hahn* (Tex. Civ. App.), 69 S. W. 203; *St. Louis, A. & T. Ry.* v. *Johnston*, 78 Tex. 104, 15

S. W. 104.)    Where the court in admitting such evidence limits
its scope, as in this case, to show the condition existing at the
time, even though the testimony does show subsequent repairs or
changes, its action is not error.    (*Lombar* v. *Village etc.*, 86
Mich. 14, 48 N. W. 947; *Grundy* v. *Janesville*, 84 Wis. 574, 54 N.
W. 1085; *Frohs* v. *Dubuques*, 109 Iowa, 219, 80 N. W. 341.)

Evidence that others fell at the same place prior to the acci-
dent is admissible to show the dangerous condition of the walk,
and also as tending to show constructive notice to the city of its
dangerous condition.    (*Elster* v. *Seattle*, 18 Wash. 304, 51 Pac.
394; *Topeka* v. *Sherwood*, 39 Kan. 690, 18 Pac. 933; *City* v.
*Blades*, 1 Kan. App. 85, 41 Pac. 678; *Yates* v. *Covington*, 119 Ky.
228, 83 S. W. 592; *Alberts* v. *Vernon*, 96 Mich. 549, 55 N. W.
1022; *Fordham* v. *Gouverneur*, 160 N. Y. 541, 55 N. E. 292;
*Lundbeck* v. *Brooklyn*, 26 App. Div. 595, 50 N. Y. Supp. 421;
*District of Columbia* v. *Arms*, 107 U. S. 519, 27 L. Ed. 618, 2 Sup.
Ct. Rep. 840; *Osborne* v. *Detroit*, 32 Fed. 36; *Winona* v. *Botzet*,
169 Fed. 321, 23 L. R. A., n. s., 212, 95 C. C. A. 563; *Fisher* v.
*Boston & M. R. R.*, 75 N. H. 184, 72 Atl. 212; *Dyas* v. *Southern
Pac. Ry. Co.*, 140 Cal. 296, 73 Pac. 972; *Smith* v. *Seattle*, 33
Wash. 481, 74 Pac. 674; *Yeager* v. *Spirit Lake*, 115 Iowa, 593, 88
N. W. 1095; *Bloomington* v. *Legg*, 151 Ill. 9, 42 Am. St. Rep.
216, 37 N. E. 696; *Hunt* v. *City of Dubuque*, 96 Iowa, 314, 65
N. W. 319.)

On the question of the introduction of the city ordinances, we
submit that the cases cited by appellant are not in point, for the
reason that all of them are cases between third persons charged
with negligence based upon their failure to observe the require-
ments of city ordinances.    Their introduction was proper on two
grounds: One was that it was the declaration of one of the par-
ties to the action, relating to a subject under investigation
(*McLeod* v. *Spokane*, 26 Wash. 346, 67 Pac. 74; *Pekin* v. *Mc-
Mahon*, 154 Ill. 141, 45 Am. St. Rep. 114, 27 L. R. A. 206, 39
N. E. 484; *Herries* v. *City*, 114 Iowa, 374, 86 N. W. 306; *Shum-
way* v. *City of Burlington*, 108 Iowa, 424, 79 N. W. 123; *Calder*
v. *Walla Walla*, 6 Wash. 377, 33 Pac. 1054; *Thompson* v. *Village*,

83 Mich. 173, 10 L. R. A. 734, 47 N. W. 114; *City of Beardstown*
v. *Clark,* 204 Ill. 524, 68 N. E. 378; *Bauer* v. *Dubuque,* 122 Iowa,
500, 98 N. W. 355) ; and the other is to prove constructive notice.
(See *Sweeney* v. *City of Butte,* 15 Mont. 274, 39 Pac. 286; *Leon-
ard* v. *City of Butte,* 25 Mont. 410, 65 Pac. 425; *Kelly* v. *City of
Butte,* 34 Mont. 530, 87 Pac. 968; *O'Flynn* v. *City of Butte,* 36
Mont. 493, 93 Pac. 643.)

Appellant contends that. this judgment of dismissal was a
judgment on the merits. We submit that this judgment is one
mentioned in section 6714, Revised Codes. We further con-
tend that this matter is covered by sections 6714, 6715 and 6717
of the Codes, and that in *Glass* v. *Basin & Bay State Min. Co.,*
34 Mont. 88, 85 Pac. 746, and 35 Mont. 567, 90 Pac. 753, this
court finally settled this question. See, also, 23 Cyc. 1140 (and
cases cited), where the rule is laid down that "A voluntary dis-
continuance of a cause by plaintiff or the dismissal of the action
on his motion does not amount to a judgment on the merits, and
therefore will not bar a new action for the same subject matter."
(*Murphy's Exr.* v. *Hoagland,* 32 Ky. Law Rep. 839, 107 S. W.
304; *Pierce* v. *Hilton,* 102 Cal. 276, 36 Pac. 595; *Martin* v. *Mc-
Carthy,* 3 Colo. App. 37, 32 Pac. 551; *Loeb* v. *Willis,* 100 N. Y.
231, 3 N. E. 177; *Pyle* v. *Piercy,* 122 Cal. 383, 55 Pac. 141.)

MR. JUSTICE SMITH delivered the opinion of the court.

This is an action for damages alleged to have been occasioned
by the negligent misconduct of the defendant in suffering a de-
fect to exist in one of its streets, whereby plaintiff was injured.
The subject matter of the controversy was once before in this
court. (See *Pullen* v. *City of Butte,* 38 Mont. 194, 21 L. R. A.,
n. s., 42, 99 Pac. 290.) After that case was remanded, it was
retried, and a verdict rendered in favor of the defendant. Coun-
sel for the latter failed for more than six months to demand that
judgment be entered or to have judgment entered upon the ver-
dict, whereupon counsel for the plaintiff procured the following
judgment to be entered by the court: "This cause came on
regularly for trial on the eighteenth day of March, 1909. A jury

of twelve persons was regularly impaneled and sworn to try the said action. Witnesses on the part of plaintiff and defendant were sworn and examined. After hearing the evidence, the arguments of counsel, and instructions of the court, the jury retired to consider of their verdict, and subsequently returned into court, and, being called, answered to their names, and say, 'We, the jury in this cause, find a verdict for the defendant and against the plaintiff,' which verdict was returned and filed on the twentieth day of May, 1909. It appearing to the court herein that more than six months has elapsed since the rendition and filing of said verdict, and that the defendant has neglected to demand and have judgment entered for more than six months, and no judgment having been entered herein and more than six months having elapsed since the rendition and filing of said verdict, the said action was, on motion of counsel for the plaintiff, by the court herein dismissed on the thirteenth day of December, 1909. Wherefore, by virtue of the law and by reason of the premises aforesaid, it is ordered, adjudged, and decreed that the said action be and the same is dismissed.'' This action was subsequently begun by filing a complaint in which it is alleged *inter alia* that the negligence of the defendant consisted in allowing a certain sidewalk ''to be in an unsafe, dangerous, and defective condition, which condition consisted of a dangerous uprise of about six inches, from an old plank sidewalk, to a new cement sidewalk, at which junction of the sidewalks at the said upraise the defendant had carelessly, negligently, and in a manner dangerous to pedestrians placed and fastened an old plank across the entire width of said plank sidewalk, which plank sidewalk was at this place warped, sagged, and uneven, and the said old plank extended up from the plank sidewalk and formed a part of the said upraise at the junction of the plank and cement sidewalk as aforesaid; that, by reason of the carelessness and negligence of the defendant as aforesaid, the plaintiff while walking along said public sidewalk was tripped and thrown violently to the sidewalk,'' *etc.* Plaintiff had judgment for $5,000, and defendant

appeals from the judgment and an order denying its motion for a new trial.

1. The first error of which complaint is made is predicated upon the action of the court in allowing the witness Saltry to answer [1]  the following question: "I will ask you if you know whether or not the old sidewalk was ever, after September 1, 1907, raised up so that it came level with the cement sidewalk?" The question was objected to as immaterial. The Court: "The objection is overruled. The court doesn't admit it for the purpose of showing negligence, but for the purpose of showing the condition of affairs at the time, on September 1." "A. Why, a few days after some men came over and fixed it; that is, they raised it and made it even with the cement sidewalk, went back about three inches and gave it a little raise, a little pitch, to make it even. I don't know how long after, some time, a few days after, I think." It is a general rule that the negligence which renders a person responsible for an accident depends upon what he did and knew before the accident, and such negligence must be established by facts and circumstances which preceded it, and not by acts done after its occurrence. The only objection urged against the question was that it was immaterial. The court was of opinion that it tended to throw some light upon the physical conditions existing at the time of the accident and expressly limited the testimony to that point, stating distinctly that it was not admitted for the purpose of showing negligence. Under the circumstances, we find no reversible error in the ruling. (*Dow* v. *Sunset T. & F. Co.*, 157 Cal. 182, 106 Pac. 587.) Great care should be exercised, however, in admitting this sort of testimony and in guarding against its effect, lest the jury get the notion that evidence of subsequent changes or repairs is evidence or confession of prior negligence.

2. The witness Griffith was asked whether McCormick, who was an employee of the streets department in Butte, visited the place [2]  after September 1. The question was objected to as immaterial, but, as the witness answered in effect that he did not know, the matter is not of any importance.

3. Over the objection of the defendant, the plaintiff was permitted to show that other persons had stumbled at the point where she was alleged to have received her injuries. There is a conflict of authority as to whether such testimony is admissible; but this court has, in effect, held that it is proper evidence, not [3] only of the dangerous character of the place, but as bearing upon the question of constructive notice to the city. (See *Leonard* v. *City of Butte,* 25 Mont. 410, 65 Pac. 425; *O'Flynn* v. *City of Butte,* 36 Mont. 493, 93 Pac. 643.) Mr. Justice Field, speaking for the supreme court of the United States, in *District of Columbia* v. *Armes,* 107 U. S. 519, 27 L. Ed. 618, 2 Sup. Ct. Rep. 840, said: "The frequency of accidents at a particular place would seem to be good evidence of its dangerous character—at least, it is some evidence to that effect. Persons are not wont to seek such places, and do not willingly fall into them."

4. Objection is made that some leading questions propounded by plaintiff's counsel were allowed to be answered; but we find no abuse of the court's discretion in this regard.

5. The witness Saltry was asked by counsel for the defendant in cross-examination: "I will ask you if in your testimony before [4] you said one word about a ragged or jagged plank being down there?" An objection was sustained to the question, but we find on further examination of his testimony that he subsequently answered substantially the same interrogatory.

6. Over the objection of the defendant, plaintiff's counsel introduced in evidence a certain ordinance of the city of Butte [5] defining the duties of the street commissioner, city marshal, and all policemen. It is now claimed that, before such ordinance could be introduced, it must have been specially pleaded. The testimony was competent as bearing upon the question of constructive notice to the city (see *O'Flynn* v. *City of Butte, supra*); but the particular objection urged here was not made in the trial court.

7. It is claimed that the complaint does not state facts sufficient to constitute a cause of action, for the reason that "the [6] admitted inequality of from four to six inches in the abut-

ting ends of the cement and plank walks does not constitute such
a defect in itself dangerous as would subject the city to liabil-
ity.'' The following cases are cited in support of counsel's posi-
tion, *viz.: Weisse* v. *City of Detroit,* 105 Mich. 482, 63 N. W.
423; *Yotter* v. *City of Detroit,* 107 Mich. 4, 64 N. W. 743; *Mor-
gan* v. *City of Lewiston,* 91 Me. 566, 40 Atl. 545; *Raymond* v.
*City of Lowell,* 6 Cush. (Mass.) 524, 53 Am. Dec. 57. In these
cases the courts held as a matter of law that the walks in ques-
tion were ''reasonably safe,'' although in each case the plaintiff
was injured by falling over a rise in the walk. We have not fol-
lowed this line of authorities in Montana. The case of *Leonard*
v. *City of Butte, supra,* is, in principle, analogous to the one at
bar. There the court held that whether there is in fact a defect
in the walk is a question for the jury—citing *City of Centralia* v.
*Baker,* 36 Ill. App. 46; *Cromarty* v. *City of Boston,* 127 Mass.
329, 34 Am. Rep. 381; *Sullivan* v. *City of Oshkosh,* 55 Wis. 508,
13 N. W. 468; *McClosky* v. *Moies,* 19 R. I. 297, 33 Atl. 225;
*Harris* v. *Inhabitants of Great Barrington,* 169 Mass. 271, 47 N.
E. 881; *Todd* v. *City of Troy,* 61 N. Y. 506. In the case of *Metz*
v. *City of Butte,* 27 Mont. 506, 71 Pac. 761, this court, by Mr.
Justice Holloway, said: ''All the facts and circumstances being
before them, it was a question for the jury to determine whether
or not the step or offset in the sidewalk constituted such a defect
as the city, in the exercise of ordinary care and prudence, should
have remedied.''

8. During the course of the trial, plaintiff offered in evidence
a certain notice of injury theretofore given to the city. It was
objected to for the reason ''that it does not advise the city coun-
cil of the time when and the place where the accident occurred.''
The notice is not open to this objection; but it is now urged
[7] that there was not any evidence ''to prove who signed the
notice and no evidence that it was signed in behalf of Mrs. Pul-
len.'' The notice is signed, ''Lewis A. Smith, Attorney for Mrs.
Henrietta Pullen.'' The statute provides that ''the person so
alleged to be injured, or some one in his behalf, shall give notice
to the city.'' (Rev. Codes, sec. 3289.) We think this notice is

sufficient, as having been given in behalf of the plaintiff by her attorney. We take judicial notice that Mr. Smith is an attorney and officer of the court in good standing and the presumption attaches that his acts are regular and by authority, especially in the absence of an objection specifically calling attention to the point sought to be raised.

9. It is contended that there is a fatal variance between the allegations of the complaint and the plaintiff's testimony touching the manner of the accident. To illustrate the point, we have heretofore quoted that portion of the complaint in which plaintiff alleged that "while walking along said sidewalk she was tripped and thrown violently down." It is now argued that her testimony shows that she was not tripped by the upraise, but that her foot was caught in a hole, and thereby held fast. We do not so construe her testimony. She said: "I came down the old plank walk to the cement walk. That's where I fell, when I came to that. The cement walk was higher. Walking fast, I ran my foot under that board. I couldn't see whether the board was lying on the ground. It had my foot fast and throwed me right on my right side. My foot caught under the plank." We think this testimony substantiates the allegation that she was tripped. It does not show, as counsel suggest, that she stepped into a hole. If she had done so, that, perhaps, would disclose a different ground of negligence from the one pleaded. We think it may fairly be said that she was tripped and thrown to the ground by reason of getting her foot caught under the plank alleged in the complaint to have been negligently placed at the junction of the two sidewalks. The old plank or board under which she caught her foot and by which she was tripped, formed a part of the upraise.

10. Another contention of the appellant is that the first action commenced by the plaintiff was decided against her on the merits, and therefore she cannot prosecute this cause, for the reason that the matter is *res adjudicata* between the parties. The statute by virtue of which the first action was dismissed provides that "an action may be dismissed * * * by the court,

when after verdict  *  *  *  the party entitled to judgment neglects to demand and have the same entered for more than six months.'' (Rev. Codes, sec. 6714.) Because this statute applies to both plaintiffs and defendants, its entire purpose is not plain. It is not difficult to see why an action should be dismissed when the plaintiff neglects for more than six months to have judgment entered on a verdict in his favor. The reason is that it is the policy of the law to put a speedy end to litigation, and, under such circumstances, a plaintiff may fairly be deemed to have abandoned the fruits of his victory. But why should an action be dismissed on account of the fact that a defendant neglects to enter judgment on a verdict? The only legitimate reason which occurs to us is that the legislature intended to punish the defendant for sleeping on his rights by making it possible for the plaintiff to begin a new action. In either case the action of the court is in the nature of a penalty. Judgment of dismissal so entered is in no sense a judgment upon the merits. The judgment pleaded in the answer shows on its face that it is not a judgment on the verdict, as such, and the fact that the plaintiff caused the same to be entered, as she had a right to do under the statute, is no evidence that she intended thereby to voluntarily abandon her claim against the city. On the contrary, her course in that regard manifests an intention to take advantage of her statutory right to begin a new action. The court could not enlarge her rights by inserting in the judgment a notation that the cause was dismissed without prejudice. (See *Glass* v. *Basin & Bay State Min. Co.,* 34 Mont. 88, 85 Pac. 746.)

11. We think the verdict is excessive. Plaintiff is now sixty-[11] three years of age. As a result of her fall, her arm was broken, and she was considerably hurt and bruised. For eight or ten months she was unable to use her hand. During this time she suffered pain, and still suffers occasionally. When her 'arm gets tired, she is unable to use it. It gets numb, and she is obliged to bathe it with hot water. Dr. Moore testified: ''The injury is permanent. She will never entirely regain the use of her arm. In old people an injury of that kind would be likely to cause

pain and suffering for a period of four or five years, and it is very likely that pain would continue as the result of such an injury as this to a person of Mrs. Pullen's age. The suffering might be the result of both rheumatism and the broken bones. The result of the setting of the bones was very satisfactory. The bones knit slowly but very satisfactorily—perfect union. There is an atrophy of the muscles. While the bones knit perfectly, the muscles have not returned to their former condition; otherwise the hand is in perfect condition. It is very common in elderly people to suffer from rheumatism in broken bone joints.''

The cause is remanded to the district court of Silver Bow county, with directions to grant a new trial unless within thirty days after the *remittitur* is filed with the clerk of that court the respondent shall file her written consent that the judgment for damages may be reduced to $3,000. If such consent is given, the judgment shall be modified accordingly as of the date of its original entry, and, together with the order denying a new trial, will stand affirmed. That part of the judgment relating to costs in the court below is not to be disturbed. Respondent to recover costs on appeal.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

